OPINION AND JOURNAL ENTRY
{¶ 1} On July 30, 2003, Relator National City Bank filed a petition for writ of mandamus seeking an order to compel Respondent Honorable Timothy P. Maloney to set a hearing on the matter of In re Manning, 7th Dist. No. 99CA92, 2002-Ohio-5239, as was ordered by that opinion. Relator also requested damages in accordance with R.C. 2731.11.
 {¶ 2} In order for this court to issue a writ of mandamus, Relator must demonstrate that he has a clear legal right to the relief prayed for, that Respondent is under a clear legal duty to perform the act Relator requests, and that Relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Botkins v. Laws,69 Ohio St.3d 383, 1994-Ohio-518; State ex rel. Westchester v. Bacon
(1980), 61 Ohio St.2d 42, paragraph one of the syllabus. However, "[m]andamus does not lie to compel an act that has already been performed." State ex rel. Chapnick v. E. Cleveland City School Bd. ofEdn., 93 Ohio St.3d 449, 451, 2001-Ohio-1585.
 {¶ 3} At the time of filing the writ, mandamus was the appropriate remedy to compel Respondent to hold the mandated hearing. However, subsequent to that writ, on August 12, 2003 and September 26, 2003, Respondent issued orders setting the matter for hearing. As such, setting the matter for hearing renders the request for an order compelling Respondent to set the matter for hearing moot.
 {¶ 4} However, in setting the matter for hearing, Respondent determined that instead of one hearing on the 154 consolidated cases, it would unconsolidate the cases and hold multiple hearings. Relator, disagreeing with Respondent's action, requested this court to issue a stay prohibiting Respondent from holding multiple hearings. Initially we granted Relator's request, but upon reconsideration we vacated the stay after an analysis of the relevant statutes and case law.
 {¶ 5} We may sympathize with Relator's frustration over Respondent's order setting multiple hearings, instead of a single hearing. As stated in our December 9, 2003 journal entry holding multiple hearings in this matter, which was originally consolidated by Respondent due to the commonality of the issues, is not only a waste of judicial economy, but also defies common sense. However, Respondent's decision to hold multiple hearings instead of one hearing does not revitalize the writ. A trial court has the inherent authority to manage its own proceedings and control its own docket. Rudolph v. Ohio Dept. of HumanServ., 4th Dist. No. 00CA023, 2001-Ohio-2459, citing State v. Lyons (July 6, 2000), 8th Dist. No. 76514; Pheils v. Palmer (Mar. 19, 1999), 6th Dist. No. L-98-1092; Musson v. Musson (June 10, 1998), 3d Dist. No. 6-98-01. See, also, Arroyo v. Wagon Wheel Auto Sales Inc., (Aug. 11, 2000), 2d Dist. No. 18235; Toledo v. Redick (Dec. 20, 1985), 6th Dist. No. L-85-047 (stating that the appellate court is reluctant to dictate to a lower court the procedures by which it should conduct its business). While this court has the authority to order Respondent to hold the mandated hearing, we do not have the authority to dictate the manner and means of the hearing. See State ex rel. Martinelli v. Corrigan,68 Ohio St.3d 362, 362, 1994-Ohio-179 (stating that appellee possesses no clear legal duty to rule on appellant's motion to correct the record within one week of the date it was filed). Thus, though we may disagree with Respondent's decision to hold multiple hearings in this matter, it is within its power to manage the docket as it sees fit. Accordingly, since Respondent is under no clear legal duty to hold one hearing instead of multiple hearings, relief in mandamus is not available to compel Respondent to hold a single hearing. Mandamus cannot be used to control judicial discretion. Bluford v. Gallagher, 8th Dist. No. 82896, 2003-Ohio-4199 (stating it may not control judicial discretion even if that judicial discretion is grossly abused).
 {¶ 6} Furthermore, Relator is not entitled to the monetary damages requested. R.C. 2731.11 states, "If judgment in a proceeding for a writ of mandamus is rendered for plaintiff, the relator may recover the damages he has sustained, to be ascertained by the court * * *." The clear language of this statute dictates that damages are contingent upon the granting of mandamus in favor of Relator. Since the subsequent action of Respondent setting the matter for hearing renders the request to compel Respondent to set a hearing moot, the issue of damages is also rendered moot.
 {¶ 7} Based upon the above, this petition is dismissed. Costs of this proceeding are taxed against Relator. Final Order. Clerk to serve notice as provided by the Civil Rules.
Vukovich and DeGenaro, JJ., concur.
Donofrio, J., concurs in judgment only.