DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael J. Calvaruso ("Michael"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which granted a child support guideline deviation in favor of Appellee, Amy Calvaruso ("Amy"). We affirm.
 I. {¶ 2} Michael and Amy were married in 1995, and had two children during the marriage. In June 2000, Michael and Amy entered into a separation agreement, and on August 7, 2000, a marriage dissolution decree was issued. Per the separation agreement, Michael was designated the residential parent of the children. Additionally, the agreement provided that Michael and Amy were each required to pay 50 percent of the out of pocket health care expenses for the children.
 {¶ 3} On October 24, 2001, Amy filed a motion for reallocation of parental rights and responsibilities and a modification of child support. On October 25, 2001, Michael filed a motion for child support for both children with the domestic relations division of the Summit County Court of Common Pleas. Thereafter, the court denied Amy's motion for reallocation of parental rights. On September 5, 2002, a hearing was held before a magistrate on the issue of child support. On September 18, 2002, the magistrate issued a decision which granted Amy a deviation from the guideline support, and ordered Amy to pay child support in the amount $100 per month. Additionally, the magistrate's decision ordered Michael to maintain health insurance for the children, as well as pay the first $100 of out of pocket health care expenses for each child and 65 percent thereafter.
 {¶ 4} On September 25, 2002, Michael filed objections to the magistrate's decision. On December 16, 2002, the trial court overruled Michael's objections and adopted the magistrate's decision as the order of the court. Michael appealed from the trial court's order to this Court, contending, inter alia, that the trial court erred when it granted a deviation from the child support guildelines. Michael claimed that the trial court failed to state its findings of fact and factors to support its decision that a deviation was in the best interest of the children per R.C. 3119.22 requirements, and that the court included in its computation of Michael's income, for the purposes of determining the deviation, the amount of child support that Michael was to receive.
 {¶ 5} In a decision dated September 17, 2003, this Court affirmed in part, and reversed in part the decision of the trial court, and remanded the case. Calvaruso v. Calvaruso, 9th Dist. No. 21392, 2003-Ohio-4906, at ¶ 20. Regarding Michael's contention that the trial court failed to state the findings of fact and factors considered, this Court stated:
"While the trial court's entry does not expressly address the best interest of the children, the trial court does find that the magistrate's decision to deviate was supported by the record. The magistrate, in turn, specifically found that: `Guideline child support is unjust, inappropriate, and not in the best interest of the children. There is a significant disparity in the parties' incomes. * * * This is clearly unsustainable.' Consequently, the trial court adopted the best interest analysis of the magistrate in finding that the record supported the deviation." Id. at ¶ 11.
With respect to Michael's argument that the court included in the calculation of income the child support he was to receive, this Court stated the following:
"There is no provision in R.C. 3119.022 for including the child support one party receives from the other party in the child support proceeding as part of their income. Therefore, when considering a party's income pursuant to R.C. 3119.23(G), the trial court may not consider as income the amount of child support a residential parent receives from the nonresidential parent." Id. at ¶ 12.
 {¶ 6} On October 7, 2003, the trial court issued a second judgment, which overruled Michael's objections to the child support portion of the magistrate's decision, articulated the factors and findings of fact relied upon by the court, and discussed Michael's income without including the child support amount. It is from this second judgment that Michael now appeals.
 {¶ 7} Michael timely appealed, asserting five assignments of error for review.
 II. A. First Assignment of Error
"The trial court erred in granting a deviation from guideline child support to appellee. the trial court clearly did not follow the order from the ninth district court of appeals upholding appellants [SIC.] first and third assignments of error in C.A. No. 21392 and did not conduct proceedings consistant [sic.] with the court of appeals decision as it was so ordered. in so doing the trial court abused its discretion."
 {¶ 8} In his first assignment of error, Michael contends that the trial court abused its discretion in granting a deviation from the guideline child support on remand from this Court, asserting that the court did not issue an order consistent with our decision dated September 17, 2003. Specifically, Michael contends that the trial court erred in the following ways: (1) the trial court did not hold a hearing; (2) the trial court did not request additional evidence or testimony; (3) the trial court reissued an opinion almost identical to its prior decision in this case; and (4) the trial court failed to address the issues it was required by this Court to do on remand Michael's contentions lack merit.
 {¶ 9} Initially, we note the appropriate standard of review. When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion in adopting the decision. Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093. "Any claim of error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd., 66 Ohio St.3d 619,621, 1993-Ohio-122.
 {¶ 10} With respect to a trial court's disposition of a party's objections to a magistrate's decision, Civ.R. 53(E)(4)(b) states that the court must rule on the objections, but that "[t]he court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." (Emphasis added.) Thus, under Civ.R. 53, it is solely within the trial court's discretion to hold a hearing, or to consider additional evidence and testimony. Lowery v. Keystone Bd. of Edn. (May 9, 2001), 9th Dist. No. 99CA007407; Rogers v. Rogers (Dec. 17, 1997), 9th Dist. No. 18280. See Civ.R. 53(E)(4)(b).
 {¶ 11} In the instant case, the trial court explicitly overruled Michael's objections to the magistrate's decision. However, the court in this case was not required to hold a hearing or request additional evidence or testimony. SeeLowery, supra. The trial court's judgment entry specifically stated that the court based its order on a review of the entire record before it; the record in this case includes a transcript of the proceedings before the magistrate, as well as various documentation relating to each party's financial situation. Therefore, we cannot say that the trial court's decision to not hold a hearing or hear additional evidence or testimony was arbitrary, unreasonable, or unconscionable. See Blakemore,5 Ohio St.3d at 219. Thus, we conclude that the trial court did not abuse its discretion when it issued an order in this case without holding a hearing or requesting additional evidence or testimony.
 {¶ 12} Michael's argument that the trial court did not follow the mandates of our prior decision also lacks merit. A trial court may deviate from the basic child support order and worksheet guideline if the court (1) determines that the amount calculated on the worksheet schedule is unjust or inappropriate; (2) determines that the guideline child support amount would not be in the best interest of the child; and (3) states its findings of fact that support these determinations. R.C. 3119.22; Carterv. Carter, 9th Dist No. 21156, 2003-Ohio-240, at ¶ 24;McClaskey v. Weaver (May 30, 2001), 9th Dist. No. 20341. R.C.3119.23 enumerates the statutory criteria a trial court may consider in determining whether to deviate from a child support schedule. A trial court possesses considerable discretion in decisions regarding child support obligations, and such decisions will be reversed only upon finding an abuse of discretion. Paulyv. Pauly, 80 Ohio St.3d 386, 390, 1997-Ohio-105, citing Boothv. Booth (1989), 44 Ohio St.3d 142, 144.
 {¶ 13} Based upon our review of the second child support judgment, we find that the trial court entry did in fact follow the mandates of our prior decision. Particularly, the court compared Michael and Amy's incomes without including child support money in Michael's income figure.[1] Additionally, as noted above, the trial court did incorporate findings of fact and the factors employed, in its judgment. Therefore, we also conclude that the trial court issued an order consistent with this Court's decision dated September 17, 2003, and therefore could not have erred or abused its discretion on this point, as well.
 {¶ 14} Accordingly, Michael's first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred in using R.C. 3119.23(G) disparity in income in parties or households to grant a deviation to appellee from guideline support. in so doing, it abused its discretion."
 {¶ 15} In his second assignment of error, Michael contends that the trial court erred in using the "disparity in income" factor in R.C. 3119.23(G) when determining to grant Amy a deviation in child support. Michael contends that a disparity in income does not exist between the parties' incomes. Additionally, Michael contends that the trial court was also required and failed to indicate how the guideline child support amount was not in the best interest of the children. Michael's contentions lack merit.
 {¶ 16} Initially, we note that Michael had raised the argument, that the trial court did not indicate its reasons for its conclusion that a deviation is in the best interest of the children, in his initial appeal to this Court. Furthermore, as noted above, this Court addressed the merits of this argument in our previous decision. Specifically, we noted that the trial court had adopted the best interest analysis of the magistrate who had specifically found that "[g]uideline child support is unjust, inappropriate, and not in the best interest of the children. There is a significant disparity in the parties' incomes." Notwithstanding this analysis, the trial court did indicate in its second judgment, how the guideline deviation is not in the best interest of the children.
 {¶ 17} In the instant case, the trial court did find that the guideline child support amount is unjust, inappropriate, and not in the best interest of the children. See R.C. 3119.22. Furthermore, contrary to Michael's belief, the court supported its finding with the following facts from the record: (1) as Michael is the residential parent and Amy has visitation rights, each party would have to maintain a household for the children; (2) Amy needs money to provide for the children during their stay at her residence; and (3) Amy's need to provide for the children would be "significantly compromised" otherwise. As the trial court supported its finding with facts from the record, we cannot say that the trial court erred and abused its discretion in this matter. See Pauly, 80 Ohio St.3d at 390, citing Booth,44 Ohio St.3d at 144.
 {¶ 18} Michael also appears to request this Court to define exactly what amount denotes a "disparity in income." This Court refuses to do so, as such a factual determination would be improper, and more importantly would undermine a trial court's ability to exercise the discretion necessary to resolve child support cases, which are heavily fact specific. See Pauly,80 Ohio St.3d at 390; R.C. 3119.22 and 3119.23.
 {¶ 19} In support of his second assignment of error, Michael cites cases from several courts of appeal, to suggest "what courts have previously used as examples of a disparity in income." We note that each of the cases Michael cites involves disparities between incomes, ranging from $45,000 to $240,000. What these cases do in fact suggest, is, that a "disparity in income" occurs at various income levels. Michael appears to argue that the differential between the incomes in this case, which is approximately $9,500, is not great enough to find a disparity in income. To the contrary, a disparity in income can exist at any level. See, e.g., Smith v. Smith (Dec. 22, 2000), 11th Dist. No. 99-L-123 (stating that the trial court made a factual determination that a disparity in household incomes of $10,440 existed); In re Parenting of Lamey-Zimmerman (June 2, 1994), 10th Dist. No. 93APF12-1716 (finding that a $9,000.00 income disparity existed between the parties). R.C. 3119.23 does not require that there be a gross disparity between incomes for such a factual determination. Moreover, a $9,000 difference between incomes, while not a gross number, becomes a graver problem in situations, such as the instant case, in which both parties have low incomes, and the party paying child support earns a significantly low amount in absolute terms. See Harrisv. Harris, 4th Dist. No. 00CA19, 2000-Ohio-2032 (concluding that the trial court did not act unreasonably, arbitrarily, or unconscionably in attempting to "fashion a unique remedy in the best interests of both parties and the children given the low income of the parties").
 {¶ 20} In general, issues of fact are for the trier of fact to determine, and the determinations of a trier of fact should be given deference by reviewing courts. Green v. Ohio Dept. ofRehab. Corr., 10th Dist. No. 02AP-24, 2002-Ohio-5967, at ¶ 33, citing State v. DeHass (1967), 10 Ohio St.2d 230, 231. We will not substitute our judgment for the trial court's judgment regarding discretionary factual determinations that must necessarily be made in child support cases. In the instant case, the trial court made a factual determination that a disparity in income existed, pursuant to R.C. 3119.23(G), and this determination was supported by credible financial information that has not been contested by either party in this appeal. Therefore, we cannot say that the trial court abused its discretion when it found that a disparity in income existed between the parties and employed this factor in its determination to deviate from the guideline child support.
 {¶ 21} Accordingly, Michael's second assignment of error is overruled.
 C. Third Assignment of Error
"The trial court abused its discretion when it determined that a deviation from guideline support is necessary and based its claim upon R.C. 3119.23(L), the standard of living and circumstances of each parent and the standard of living the child have enjoyed had the marriage continued or had the parents been married. in so doing, it abused its discretion."
 {¶ 22} In his third assignment of error, Michael avers that the trial court abused its discretion when it used the standard of living factor in its determination to deviate from the child support guideline. Particularly, Michael contends that the facts in the record are insufficient to make a determination as to the standard of living the children would have experienced during the marriage, compared to the standard of living after the marriage. We disagree.
 {¶ 23} Among the factors that the trial court is permitted to consider when making a deviation determination, is the "standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married." R.C. 3119.22 and 3119.23(L). In the instant case, the trial court specifically stated that it considered "the standard of living and circumstances of each parent and the standard of living the children would have enjoyed had the marriage continued." The court also noted that Amy earns only $16,640 per year, and that with this income, a disparate standard of living results for each party, and that Amy not only has to separately maintain a residence for the children, but also must provide for all of the children's needs during their stay with her pursuant to her visitation rights. The court further noted that Amy's ability to provide for the children in these ways would be "significantly compromised" if she would be required to pay the guideline child support amount of $315.55.
 {¶ 24} Taking Amy's earnings, before taxes, Amy would be required to pay an annual sum of approximately $3,786, without the deviation; and she would only be left with approximately $1,071 per month to cover not only her own living expenses, but also maintain a suitable residence and cover the expenses of the children during their stay with her. Besides taxes, Michael has a monthly $7.15 deduction for union dues, and the union provides the children's healthcare expenses. Furthermore, Amy is not receiving any spousal support as a result of the marriage dissolution. The court also noted that with the deviation, "each party will be able to meet his/her living expenses and provide a suitable residence for the children." In light of these factors, we cannot say that an analysis of the parties' and children's respective standards of living, as well as corresponding circumstances, could not be done based on the evidence present in the record. Therefore, we find that the trial court's findings with respect to these factors were not unreasonable, arbitrary, or unconscionable, and that the trial court did not abuse its discretion. See Blakemore, 5 Ohio St.3d at 219.
 {¶ 25} Accordingly, Michael's third assignment of error is overruled.
 D. Fourth Assignment of Error
"The trial court erred and abused its discretion in ordering $100.00 per month in child support, and in relying upon factors that are found in R.C. 3119.24 that apply to shared parenting orders."
 {¶ 26} In his fourth assignment of error, Michael contends that the trial court also erred and abused its discretion because the trial court purportedly used factors found in R.C. 3119.24, the shared parenting provisions. Michael argues that R.C. 3119.23
does not allow a trial court to consider housing and parenting time expenses in its deviation determination, which is a factor included in R.C. 3119.24. Michael's contentions lack merit.
 {¶ 27} In this case, the trial court made specific references to factors in R.C. 3119.23, and at no point did it make any citations to R.C. 3119.24. Furthermore, as we noted above, the trial court is explicitly permitted per R.C. 3119.23 to consider, as the trial court did, any "circumstances" of a parent. R.C.3119.23(L). Moreover, R.C. 3119.23(P) specifically allows the trial court to consider any other relevant factor for its deviation determination. Thus, we find that the trial court did not err and abuse its discretion when it considered the circumstances involving each party's need to provide separate housing for the children, as well as expenses attendant to the children's stay with each parent.
 {¶ 28} Michael's fourth assignment of error is overruled.
 E. Fifth Assignment of Error
"The trial court erred and abused its discretion in reducing appellee's responsibility for out of pocket health care expenses."
 {¶ 29} In his fifth assignment of error, Michael avers that the trial court abused its discretion when it reduced Amy's responsibility for out of pocket health care expenses.
 {¶ 30} We observe that Michael raised this same assignment of error during his first appeal to this Court. In our prior decision, we overruled this assignment of error, and reversed and remanded with respect to other issues in the case. Calvaruso,
at ¶ 20. It is well established that "`[a] trial court must follow the mandate of the appellate court[.]'" Pingue v.Hyslop, 10th Dist. No. 01AP-1000, 2002-Ohio-2879, at ¶ 22, quoting Oliver v. Empire Equip. Co. (1985), 8th Dist. No. 48686; Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3-4. In a case involving a partial remand, the trial court is not permitted to try an issue that was not set forth in this mandate. Pingue at ¶ 22, quoting Oliver, supra.
 {¶ 31} Furthermore, under the law of the case doctrine, "`the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings at both the trial and reviewing levels.'" State exrel. Dannaher v. Crawford, 78 Ohio St.3d 391, 395, 1997-Ohio-72, quoting Nolan, 11 Ohio St.3d at 3. This doctrine precludes a party's reliance on arguments at retrial which were fully litigated, or could have been fully litigated, in a first appeal.State ex rel. Dannaher, 78 Ohio St.3d at 394, citing Hubbardex rel. Creed v. Sauline, 74 Ohio St.3d 402, 404-405,1996-Ohio-174. Since we overruled this same assignment of error in our prior decision, and since the issues remanded did not include a question involving health care expenses, the trial court was without authority to, and in fact did not, reconsider the issue of health care expenses on remand As such, we are precluded from addressing Michael's fifth assignment of error.
 III. {¶ 32} Michael's first, second, third, and fourth assignments of error are overruled, and his fifth assignment of error is not addressed. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
Whitmore, P.J., and Baird, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
[1] We also observe that Michael actually concedes in his brief that the trial court excluded "the $1,200.00 per year in child support that it had previously included in appellant's income[.]"