OPINION
{¶ 1} Plaintiff-appellant Love Properties, Inc. appeals the April 22, 2005 Judgment Entry of the Canton Municipal Court denying its motion for relief from judgment or to alter judgment relative to defendants-appellees Ervin L. Kyles and Sanford Kyles.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 10, 2002, appellant entered into a lease agreement with appellee Ervin Kyles and his co-signer, appellee Sanford Kyles. Ervin Kyles abandoned the rental property on May 20, 2003. Appellant filed a writ of restitution, a cause of action for back rent and utility bills and a cause of action for "fraudulent misrepresentations to obtain extensions of time." A hearing was held on the forcible entry and detainer claim on May 9, 2003, and a conditional writ was ordered.
 {¶ 3} On December 18, 2003, Allstate Insurance Company filed a motion to intervene in this case to assert its subrogation rights. Allstate cited incurred damages in the amount of $1,588.54 as a result of the damage to the property owned by appellant, its insured. Allstate paid appellant the amount of $1,488.54, after the policy's $100 deductible. Allstate claimed its subrogation rights to the damages and claims for relief of its insured to the extent of payment made under the policy. On December 30, 2003, the trial court granted Allstate's motion to intervene.
 {¶ 4} After obtaining leave of the trial court, appellant filed an amended and supplemental complaint on March 18, 2004, including a provision for "subrogee claims" stating:
 {¶ 5} "(2) The Court is asked to provide for the claim for part of this demand for and on behalf of Allstate Insurance Company for $1,488.54 for their subrogatable interests plus $1,488.54 to be further allowed as their share of Exemplary and Punitive damages and Attorney Fees, Court Costs, plus interest, etc. to be set aside as part of the Judgment Entry on behalf of the Plaintiff herein or otherwise as their interests may appear."[1]
 {¶ 6} Allstate did not file a subsequent pleading, and did not appear at the damages hearing, despite notice of the same.
 {¶ 7} Appellant moved for default judgment against Defendants, Ervin and Sanford Kyles, on October 6, 2004. On November 15, 2004, the trial court, via Judgment Entry, sustained the motion on the part of Ervin Kyles and referred the matter to the magistrate for a damages hearing. The trial court found no proof of service as to Sanford Kyles, and denied the motion as to that defendant.
 {¶ 8} On December 2, 2004, the magistrate issued a report of the damages hearing finding Ervin Kyles liable for rent pursuant to the written rental agreement in the amount of $3,155.00, plus interest charges of $319.40, and damage to the electrical service in the amount of $1,927.66 of which $1,488.54 was paid by insurance. Accordingly, the magistrate recommended judgment in favor of appellant against Ervin Kyles in the amount of $3,913.52.
 {¶ 9} On December 17, 2004, appellant filed objections to the recommendation of the magistrate, asserting entitlement to punitive damages for appellee's "theft of electricity" and attorney fees.
 {¶ 10} On January 19, 2005, the trial court, via Judgment Entry, found appellant not entitled to punitive damages or attorney fees for essentially a back rent action. The trial court entered "final judgment" in favor of appellant against Ervin Kyles, solely, for $3,913.52, plus interest and the costs of the action. The trial court dismissed appellant's actions against Sanford Kyles for want of prosecution. The Judgment Entry did not include Civil Rule 54(B) language.
 {¶ 11} On February 16, 2005, appellant filed a motion for relief from judgment with request for an evidentiary ruling. Specifically, appellant sought an order vacating or modifying the trial court's January 19, 2005 Judgment Entry approving and confirming the magistrate's report dated December 2, 2004, granting appellant judgment in the amount of $3,915.32 and denying appellant's request for punitive damages and attorney fees.
 {¶ 12} On April 22, 2005, the trial court denied appellant's motion for relief from judgment, finding the motion simply an attempt to rehash rejected arguments, and not a substitute for a timely appeal. Appellant then filed a notice of appeal on May 19, 2005, assigning as error:
 {¶ 13} "I. THE JUDGMENT ENTRY OF THE ORDER CONCERNING THE 60 (B) MOTION WAS NOT A FINAL APPEALABLE ORDER (JUDGMENT ENTRY, APRIL 22, 2005) AND NEITHER WAS THE JUDGMENT ENTRY CONCERNING THE MOTION FOR DEFAULT JUDGMENT (JUDGMENT ENTRY, JANUARY 19, 2005.)
 {¶ 14} "II. MISTAKE OF CLERK OF MUNICIPAL COURT BY NOT MAILING SERVICE BY REGULAR MAIL (CERTIFICATION OF SERVICE COMPLETED BY ORDINARY MAIL DATED 11/18/04) ON REQUEST OF PLAINTIFF-APPELLANT DID NOT JUSTIFY DIMISSAL OF COSIGNER DEFENDANT (JUDGMENT ENTRY OF 1/19/05) WHO REFUSED SERVICE BY CERTIFIED MAIL (COURT'S JUDGMENT ENTRIES OF 11/15/04 AND 01/19/05) AND DISREGARD OF THAT ISSUE CITED AS A 60 (B) MISTAKE WAS ALSO A JURISDICTIONAL ISSUE APART FROM THE 60 (B) ISSUE AND SHOULD HAVE REQUIRED A HEARING WHICH WAS REFUSED ON MOTION FOR RELIEF AFTER JUDGMENT (FILED 2/16/05).
 {¶ 15} "III. THE SUBROGATION RIGHTS OF INSURER AND RIGHT TO JUDGMENT FOR INSURED WERE DISREGARDED.
 {¶ 16} "IV. NO DEFAULT JUDGMENT EVIDENTIARY HEARING WAS CONDUCTED OR ALLOWED (JUDGMENT ENTRY OF 01/19/05.
 {¶ 17} "V. NO 60 (B) MOTION HEARING WAS CONDUCTED (JUDGMENT ENTRY OF 04/22/05).
 {¶ 18} "VI. NO JURISDICTIONAL HEARINGS WERE CONDUCTED OR ALLOWED.
 {¶ 19} "VII. THE EVIDENCE ALLOWED TO BE PRESENTED AT THE DEFAULT JUDGMENT HEARING (OF 12/2/04) WAS INSUFFICIENT TO ENABLE THE COURT TO COME TO A PROPER DECISION AND THE TRIAL COURT THEREBY ABUSED ITS DISCRETION WHEN IT DENIED A CIV. R. 60 (B) MOTION (JUDGMENT ENTRY OF 04/22/05) TO THE EXTENT THAT THE MOTION CHALLENGED THE AMOUNT OF THE AWARD. (MOTION FOR DEFAULT JUDGMENT)"
 {¶ 20} Upon review of the record, we find the January 19, 2005 Judgment Entry is not a final appealable order; therefore, this court does not have jurisdiction to reach the merits of appellant's appeal.
 {¶ 21} Ohio law provides appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 22} On December 18, 2003, Allstate filed a motion to intervene to assert its subrogation rights. The trial court granted the motion on December 29, 2003. However, a review of the record indicates Allstate did not file any subsequent pleadings, and did not appear to further prosecute its claim.
 {¶ 23} A review of the January 19, 2005 Judgment Entry indicates the trial court did not determine or dispose of the subrogation rights relative to Allstate. Though Allstate's inaction may have been grounds to dismiss its subrogation claim, its claim remains pending. Therefore, we conclude the Judgment Entry is not a final appealable order, and appellant's appeal is hereby dismissed.
Hoffman, J., Boggins, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, appellants appeal is dismissed for lack of jurisdiction. Costs assessed to appellant.
[1] While appellant is certainly allowed to note Allstate's subrogation rights, appellant has not demonstrated Allstate assigned its right to prosecute its claims against the defendants to appellant, nor that appellant's counsel is authorized to represent Allstate in the underlying action or this appeal.