OPINION
{¶ 1} Appellant Love Properties, Inc. appeals the judgment of the Canton Municipal Court, Stark County, denying appellant's "motion for relief after judgment" and issuing a final judgment in a protracted landlord-tenant suit. The relevant facts and procedural history leading to this appeal are as follows.
 {¶ 2} On August 10, 2002, appellant entered into a twelve-month residential lease agreement with Ervin Kyles and his co-signer, Sanford Kyles. On May 20, 2003, Ervin Kyles abandoned the property referenced in the lease. Appellant thereupon filed an action for forcible entry and detainer, a request for a writ of restitution, a cause of action for back rent and utility bills, and a cause of action for "fraudulent misrepresentations to obtain extensions of time to pay rent." A hearing was held before a magistrate in Canton Municipal Court on the forcible entry and detainer action on May 9, 2003, and a conditional writ was ordered by the trial court on May 14, 2003.
 {¶ 3} On December 18, 2003, Intervenor-Appellee Allstate Insurance Company, appellant's insurer, filed a motion to intervene in the case in order to assert its subrogation rights. Allstate cited damages to appellant in the amount of $1,588.54 as a result of damage to the aforesaid rental property owned by appellant. Allstate also set forth that it had paid appellant the amount of $1,488.54, after the policy's $100 deductible. Allstate claimed its subrogation rights to the damages and claims for relief of its insured to the extent of payment made under the policy. On December 30, 2003, the trial court granted Allstate's motion to intervene.
 {¶ 4} On March 18, 2004, after obtaining leave of court, appellant filed an "amended and supplemental complaint." Although appellant never demonstrated that *Page 3 
Allstate assigned its right to prosecute its claims against the defendants to appellant, nor that appellant's counsel was authorized to represent Allstate in the underlying action or on appeal, the amended complaint included the following provision for "subrogee claims":
 {¶ 5} "(2) The Court is asked to provide for the claim for part of this demand for and on behalf of Allstate Insurance Company for $1,488.54 for their subrogatable interests plus $1,488.54 to be further allowed as their share of Exemplary and Punitive damages and Attorney Fees, Court Costs, plus interest, etc. to be set aside as part of the Judgment Entry on behalf of the Plaintiff herein or otherwise as their interests may appear."
 {¶ 6} On October 6, 2004, appellant moved for default judgment against Ervin and Sanford Kyles. On November 15, 2004, the trial court issued a judgment entry finding there had been no proof of service of the summons and complaint on Sanford Kyles, and denying the motion as to that defendant. However, in regard to the default claim against Ervin Kyles, the court referred the matter to a magistrate for a damages hearing scheduled for December 2, 2004.
 {¶ 7} Said damages hearing went forward as scheduled. Allstate did not appear at the hearing, despite notice of the same. On December 2, 2004, the magistrate issued a report finding Ervin Kyles liable for rent pursuant to the written rental agreement in the amount of $3,155.00, plus interest charges of $319.40, and damage to the property's electrical service in the amount of $1,927.66 of which $1,488.54 was paid by insurance. Accordingly, the magistrate recommended judgment in favor of appellant against Ervin Kyles in the aggregate amount of $3,913.52. *Page 4 
 {¶ 8} On December 17, 2004, appellant filed objections to the recommendation of the magistrate, asserting entitlement to "compensatory and economic" damages of $6,134.88, "exemplary and punitive" damages $1,927.66, and further punitive damages, including attorney fees, of $6,936.46. This resulted in an aggregate claim of $14,999.00, subject to Allstate's subrogee claims.
 {¶ 9} On January 19, 2005, the trial court, via a judgment entry, found appellant not entitled to punitive damages or attorney fees in the action. The trial court entered "final judgment" in favor of appellant against Ervin Kyles, solely, for $3,913.52, plus interest and the costs of the action. The trial court dismissed appellant's actions against Sanford Kyles for want of prosecution. The judgment entry did not include Civ.R. 54(B) language.
 {¶ 10} On February 16, 2005, appellant filed a motion for relief from judgment, with a request for an evidentiary hearing. Specifically, appellant sought an order vacating or modifying the trial court's aforesaid January 19, 2005 judgment entry. On April 22, 2005, the trial court denied appellant's motion for relief from judgment, essentially finding the motion was an attempt to revisit previously rejected arguments concerning punitive damages and attorney fees, and was not a substitute for a timely appeal.
 {¶ 11} Appellant thereafter filed a notice of appeal of the judgment entry of April 22, 2005. Upon review of the record, we dismissed the appeal on January 9, 2006 for want of a final appealable order, finding that the trial court had not yet determined the subrogation rights relative to Allstate. See Love Properties, Inc. v. Kyles, Stark App. No. 2005CA00132, 2006-Ohio-76, ("Love Properties I"). *Page 5 
 {¶ 12} Following our dismissal of the first appeal, appellant, on March 8, 2006, filed with the trial court a "motion for relief after judgment and for evidentiary hearing." In the meantime, on March 13, 2006, Appellee Allstate filed a notice with the trial court of dismissal, without prejudice, of its claims in this matter. Appellant filed a motion in opposition to Allstate's notice later the same day.
 {¶ 13} On March 17, 2006, the trial court issued a judgment entry overruling appellant's "motion for relief after judgment" and motion in response to Allstate's notice of dismissal. The trial court therein indicated that it intended the judgment entry to be the final judgment as to all claims of all parties in the matter.
 {¶ 14} On April 11, 2006, appellant filed a notice of appeal of the judgment entry of March 17, 2006. It herein raises the following six Assignments of Error:
 {¶ 15} "I. (A) APPELLANT CONTENDS THAT THE TRIAL COURT ERRED IN REFUSING TO STRIKE ALLSTATE'S CIVIL RULE 41(A)(1)(a) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE AS THE NOTICE WAS FILED AFTER THE ENTRY OF A VERDICT IN APPELLANT'S FAVOR. (B) THE COURT BELOW ERRED BY FAILING TO PROVIDE NOTICE OF DISMISSAL AND BY FAILING TO CONSIDER AND PROVIDE ALTERNATIVES TO ALLOW APPELLANT TO PROSECUTE ITS CIVIL ACTIONS. (C) IT WAS ERROR FOR THE TRIAL COURT TO PROVIDE FOR DISMISSAL WITHOUT PREJUDICE OF PART OF A CAUSE OF ACTION WHICH IF ALLOWED WOULD PERMIT PIECEMEAL LITIGATION AND PIECEMEAL APPEALS WHICH ARE DISFAVORED IN THE LAW SO THAT A DISMISSAL OF CLAIMS PURSUANT TO CIV.R. 41(A)(1)(a) WHICH DOES NOT DISMISS THE ENTIRE ACTION IS A NULLITY. *Page 6 
 {¶ 16} "II. MISTAKE OF CLERK OF MUNICIPAL COURT BY NOT MAILING SERVICE BY REGULAR MAIL ON REQUEST OF PLAINTIFF-APPELLANT BUT WHICH CLERK RECTIFIED BY MAILING AFTER CERTIFIED MAIL MAILING BEFORE THE MAGISTRATE HEARING DID NOT JUSTIFY DISMISSAL OF COSIGNER DEFENDANT WHO REFUSED SERVICE BY CERTIFIED MAIL AND DISREGARD OF THAT ISSUE CITED AS A 60(B) MISTAKE WAS ALSO A JURISDICTIONAL ISSUE APART FROM THE 60(B) ISSUE AND SHOULD HAVE REQUIRED A HEARING WHICH WAS REFUSED ON MOTION FOR RELIEF AFTER JUDGMENT.
 {¶ 17} "III. THE SUBROGATION RIGHTS OF INSURER AND RIGHT TO JUDGMENT FOR INSURED WERE NOT SEPARATED FROM THE JUDGMENT FOR THE PLAINTIFF LEAVING THE PLAINTIFF WITH A JUDGMENT WHICH WAS NOT DESIGNATED SOLELY FOR PLAINTIFF, BUT WHICH HAD DEDUCTED THE SUBROGEE'S CLAIM IN ASCERTAINMENT.
 {¶ 18} "IV. A DEFAULT JUDGMENT EVIDENTIARY HEARING WAS CONDUCTED BUT MADE NO PROVISION CONCERNING ALLSTATE, A PARTY IN THE AMENDED AND SUPPLEMENTAL COMPLAINT.
 {¶ 19} "V. NO 60(B) MOTION HEARING WAS ALLOWED OR CONDUCTED ALTHOUGH APPLIED FOR AND NO OBJECTION TO THE MAGISTRATE HEARING, ALTHOUGH SUCH A HEARING WAS ASKED FOR, WAS AUTHORIZED OR ALLOWED. THE EVIDENCE ALLOWED TO BE PRESENTED AT THE DEFAULT JUDGMENT HEARING WAS INSUFFICIENT TO ENABLE THE COURT TO COME TO A PROPER DECISION AND THE TRIAL COURT THEREBY ABUSED ITS *Page 7 
DISCRETION WHEN IT DENIED CIV.R. 60(B) MOTIONING TO THE EXTENT THAT THE MOTIONS CHALLENGED THE AMOUNT AWARDED TO THE PLAINTIFF.
 {¶ 20} "VI. NO JURISDICTIONAL HEARINGS WERE CONDUCTED OR ALLOWED. THE RECORD SHOWS NONE. ALL JUDGMENT ENTRIES FAILED TO PROVIDE FOR ANY.
 I. {¶ 21} In its First Assignment of Error, appellant contends the trial court erred in allowing Allstate's notice of dismissal of its subrogation claims. We disagree.
 {¶ 22} Civ.R. 41(A)(1)(a) gives a plaintiff a right to terminate his or her cause of action voluntarily and unilaterally at any time prior to the commencement of trial. Huntington Nat. Bank v. Abbott (Sept. 26, 1989), Franklin App. No. 89AP-432, citing Douthitt v. Garrison (1981), 3 Ohio App.3d 254. The provisions of Civ.R. 41(A)(1) apply to the dismissal of any counterclaim, cross-claim or third-party claim.Id., citing Civ.R. 41(C).
 {¶ 23} In Love Properties I, ¶ 23, we specifically concluded as follows: "A review of the January 19, 2005 Judgment Entry indicates the trial court did not determine or dispose of the subrogation rights relative to Allstate. Though Allstate's inaction may have been grounds to dismiss its subrogation claim, its claim remains pending. * * *."
 {¶ 24} In Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co.,Inc., 81 Ohio St.3d 214, 218, 690 N.E.2d 515, 1998-Ohio-465, the Ohio Supreme Court held: "[T]he doctrine of the law of the case * * * establishes that the `decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " Id., quoting Nolan v. *Page 8 Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410. In light of our decision in Love Properties I, the trial court correctly held, in the judgment entry under appeal, that Allstate had filed its notice of dismissal before the "commencement of a trial" on the subrogation issue, in accordance with Civ.R. 41(A)(1)(a).
 {¶ 25} The trial court's recognition of Allstate's notice of dismissal was not in error under the circumstances of this case. Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 26} In its Second Assignment of Error, appellant appears to argue that claims concerning Sanford Kyles, co-signer of the original lease, were improperly dismissed from the case by the trial court. We disagree.
 {¶ 27} The decision to dismiss an action or claim for want of prosecution (Civ.R. 41(B)(1)) is within the sound discretion of the trial court. Strayer v. Szerlip, Knox App. No. 01-CA-28, 2002-Ohio-1577, citing Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371,678 N.E.2d 530. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. Upon review of the unusually lengthy history of what originated as a fairly typical landlord-tenant action, which, in several instances, was drawn out by appellant's own procedural vacillations, we are unable to conclude that the court's dismissal of the Sanford claims constituted an abuse of discretion.
 {¶ 28} Appellant's Second Assignment of Error is overruled. *Page 9 
 III., IV. {¶ 29} In its Third Assignment of Error, appellant maintains the trial court failed to separate Allstate's subrogated rights from the final judgment award for appellant. In its Fourth Assignment of Error, appellant claims that the trial court "made no provision" regarding Allstate in the magistrate's damages hearing decision of December 2, 2004.
 {¶ 30} Upon review, appellant appears to be vicariously alleging omissions in the court's decisions which would be detrimental to Allstate. As such, we find appellant has failed to demonstrate prejudice to its own position warranting reversal or correction by this Court. See App.R. 12(D).
 {¶ 31} Appellant's Third and Fourth Assignments of Error are overruled.
V.
 {¶ 32} In its Fifth Assignment of Error, appellant argues that it failed to receive adequate hearings on its 60(B) motions and original objection to the decision of the magistrate.
 {¶ 33} In regard to the first issue, it is well-established that a party may seek Civ.R. 60(B) relief only from a final judgment. SeeBusa v. Lasorella (May 4, 1995), Cuyahoga App. No. 67980, citingJarrett v. Dayton Ostéopathie Hosp., Inc. (1985), 20 Ohio St.3d 77, 78. As per our decision in Love Properties I, there was no "final judgment" in this matter at the time of appellant's motions for relief from judgment, based on the then-unresolved issue of Allstate's subrogation rights. As such, there was no basis for a 60(B) hearing under the circumstances of this case.
 {¶ 34} In regard to the second issue, it is solely within the trial court's discretion to hold a hearing on Civ.R. 53 objections, or to consider additional evidence and *Page 10 
testimony. Calvaruso v. Calvaruso, Summit App. No. 21781, 2004-Ohio-1877, ¶ 10, citing Lowery v. Keystone Bd. of Edn. (May 9, 2001), Lorain App. No. 99CA007407. Appellant's apparent claim that it was entitled to a full evidentiary hearing on its objection to the magistrate's decision is without merit.
 {¶ 35} Appellant's Fifth Assignment of Error is overruled.
 VI. {¶ 36} In its Sixth Assignment of Error, appellant challenges the alleged lack of "jurisdictional hearings" in this matter.
 {¶ 37} Pursuant to App.R. 16(A)(7), an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions * * *." See, e.g., Tate v. Tate, Richland App. No. 02-CA-86, 2004-Ohio-22, ¶ 57. Appellant's arguments at this juncture essentially repeat points made earlier in its other assigned errors. Nonetheless, a trial court has the inherent authority to manage its own proceedings and control its own docket. State ex rel. Nat. CityBank v. Maloney, Mahoning App. No. 03 MA 139, 2003-Ohio-7010, ¶ 5. A review of the record reveals that the trial court repeatedly accommodated appellant's counsel's approach to this case, and we therein find no abuse of the court's discretion. *Page 11 
 {¶ 38} Accordingly, appellant's Sixth Assignment of Error is overruled.
 {¶ 39} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.
By: Wise, P. J.
 Edwards, J., and Delaney, J., concur. *Page 12