OPINION *Page 2 
{¶ 1} Appellant Roger D. Blackstone appeals from the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, which granted appellant a divorce from Appellee Marie E. Blackstone. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on January 14, 1998, in Licking County, Ohio. No children were born of the marriage. On January 25, 2006, appellant filed a complaint for divorce. Appellee filed an answer and counterclaim on February 1, 2006. The case was ultimately set for a final divorce hearing on November 1, 2006. On that date, appellee and her counsel appeared; appellant did not appear due to incarceration, although his attorney was present.
 {¶ 3} On January 3, 2007, the trial court issued a decree of divorce. On January 5, 2007, a nunc pro tunc decree of divorce was issued to correct a scrivener's error as to the identities of the parties. A second nunc pro tunc entry was issued on January 31, 2007 to clarify the issue of pension distribution.
 {¶ 4} On February 2, 2007, appellant filed a pro se notice of appeal. He herein raises the following three claims, which we interpret as his Assignments of Error:
 {¶ 5} I. MATTER #1 "SUBPOENA TO COURT"
 {¶ 6} II. MATTER #2 "DIVISION OF PROPERTY"
 {¶ 7} III. MATTER #3 "DEBT CLAIMS"
 I. {¶ 8} In his First Assignment of Error, appellant appears to argue that he was given insufficient time to prepare for the divorce hearing. He herein claims that he was *Page 3 
served a subpoena to appear for the divorce hearing the night before said hearing, and thereupon requested, apparently via counsel, a continuance of the hearing, which was denied. Appellant's Brief at 1.
 {¶ 9} Appellant has not obtained a transcript of the proceedings below as per App.R. 9. However, we note that a trial court has the inherent authority to manage its own proceedings and control its own docket.Love Properties, Inc. v. Kyles, Stark App. No. 2006CA00101,2007-Ohio-1966, ¶ 37, citing State ex rel. Nat. City Bank v.Maloney, Mahoning App. No. 03 MA 139, 2003-Ohio-7010, ¶ 5. Also, the grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. Polaris Ventures IV, Ltd. v.Silverman, Delaware App. No. 2005 CAE 11 0080, 2006-Ohio-4138, ¶ 14, citing State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 10} Based on the limited record before us, we are unable to conclude the trial court abused its discretion in proceeding with the final divorce hearing as scheduled. Appellant's First Assignment of Error is overruled.
 II. {¶ 11} In his Second and Third Assignments of Error, appellant challenges the division of martial property and debt in the parties' divorce.
 {¶ 12} As noted previously, appellant has not provided this Court with a transcript of the divorce trial. It is well settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the *Page 4 
trial court proceedings and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 400 N.E.2d 384.
 {¶ 13} Appellant's Second and Third Assignments of Error are therefore overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.
 Gwin, P. J., and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.
 Costs to appellant. *Page 1