OPINION
{¶ 1} Appellant Charles F. Millender appeals the decision of the Court of Common Pleas, Fairfield County, which overruled his post-sentence motion for the removal of fines against him for two felony convictions. The Appellee is the State of Ohio, which has not filed a reply brief in this matter. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 21, 2002, appellant pled guilty to one count of Trafficking in Crack Cocaine, in violation of R.C. 2925.03(A) and (C)(4)(f) and one count of Trafficking in Crack Cocaine, in violation of R.C. 2925.03(A) and (C)(4)(g). Appellant also pled guilty to the specifications attached to those counts. These were counts two and three of a three-count indictment, the first count of which was dismissed. The court conducted a sentencing hearing on December 5, 2002. On Count Two, appellant was sentenced to a prison term of five years. On Count Three, appellant was sentenced to a prison term of ten years. The court further ordered, inter alia, a fine of $10,000 on each count. The trial court also ordered that appellant forfeit his interest in a 1999 Chrysler automobile and $14,030 in U.S. currency.
 {¶ 3} Appellant appealed from his conviction and sentence; however, on March 26, 2003, this Court affirmed the decision of the Fairfield County Court of Common Pleas. See State v.Millender, Fairfield App. No. 03CA03, 2003-Ohio-1691. The Ohio Supreme Court declined to hear the appeal. State v. Millender,100 Ohio St.3d 1544, 2003-Ohio-6879.
 {¶ 4} Appellant thereafter filed a motion seeking to "dismiss mandatory fines imposed" and to have returned monies seized for said fines. On September 12, 2003, the trial court issued a judgment entry overruling appellant's motion. Appellant thereafter filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 5} "I. The trial court abused its discretion when it denied appeallant (sic) motion to dismiss mandatory fines and reimburse illegally seized monies."
 I. {¶ 6} In his sole Assignment of Error, appellant contends the trial court abused its discretion in dismissing his post-sentence motion. We disagree.
 {¶ 7} Appellant directs us to R.C. 2929.18(B)(1), which reads as follows: "For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."
 {¶ 8} Assuming, arguendo, appellant's motion was properly before the court (see State v. McGlone (Dec. 19, 1995), Scioto App. No. 95CA2354, citing State v. Shinkle (1996),27 Ohio App.3d 54, 56),[1] our review of the file does not reveal that appellant filed an affidavit pursuant to R.C. 2929.18(B)(1) "prior to sentencing" as required by the statute. We are cognizant that the trial court in the case sub judice found appellant indigent for purposes of appointed counsel shortly after the issuance of the indictment (see Judgment Entry, August 19, 2002); however, "* * * the determination that a defendant is indigent for purposes of appointed counsel is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine." State v. Bolden, Preble App. No. CA2003-03-007, 2004-Ohio-184, citing State v. Stearns (Oct. 9, 1997), Cuyahoga App. No. 71851.
 {¶ 9} Therefore, we find no abuse of discretion in the dismissal of the motion, as urged by appellant. Appellant's sole Assignment of Error is overruled.
 {¶ 10} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is affirmed.
Wise, P.J., Edwards, J., and Boggins, J., concur.
[1] The McGlone court, addressing an appellant's pro se motion to vacate payment of court costs and fines, opined: "If appellant's right to an indigency hearing was violated, it was violated when appellant was sentenced * * *." In a similar vein, in the case sub judice, appellant makes no attempt to explain why the issues presently raised under R.C. 2929.18(B)(1) were not argued at the sentencing hearing and/or made a part of his direct appeal in 2003.