OPINION *Page 2 
{¶ 1} Appellant Larry A. Bunting appeals the denial of his post-conviction motion to vacate or set aside sentence. The Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} In 1996, appellant pled guilty to seven counts of aggravated robbery, all first-degree felonies, six of which were charged under the pre-S.B. 2 sentencing scheme, with the seventh count charged under S.B. 2. Appellant was thereupon sentenced to indeterminate prison terms of eight to twenty-five years on the six pre-S.B. 2 convictions, with two of the sentences consecutive and the remainder concurrent. Appellant was additionally sentenced, in regard to the S.B. 2 count, to a nine-year prison term. The term was imposed consecutively with the aforesaid indeterminate 16-50 aggregate prison term. Appellant did not appeal.
 {¶ 3} On July 1, 2006, appellant filed a pro se petition to "vacate or set aside sentence," citing State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. On January 5, 2007, the trial court issued a judgment entry denying appellant's petition.
 {¶ 4} On February 1, 2007, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 5} "I. THIS ERROR IS BASED UPON THE TRIAL JUDGE ALLOWING THE PROSECUTION TO FILE A RESPONSE BRIEF AFTER THE COURT-ORDERED DATE OF JUNE 19, 2006, WITHOUT A MOTION, OR GOOD CAUSE WHY HE (SIC) WAS LATE. *Page 3 
 {¶ 6} "II. CONCURRENT SENTENCES ARE REQUIRED WHEN THE MITIGATING FACTS WERE NOT FOUND BY A JURY, OR, ADMITTED BY THE DEFENDANT."
 I. {¶ 7} In his First Assignment of Error, appellant contends the trial court erred in allowing the State to file a response to appellant's petition outside the time set by the court. We disagree.
 {¶ 8} A trial court has the inherent authority to manage its own proceedings and control its own docket. Love Properties, Inc. v.Kyles, Stark App. No. 2006CA00101, 2007-Ohio-1966, ¶ 37, citing State exrel. Nat. City Bank v. Maloney, Mahoning App. No. 03 MA 139,2003-Ohio-7010, ¶ 5. We find, in the case sub judice, that the court's allowance of the State's response was akin to the allowance of the filing of a pleading instanter, a decision which an appellate court reviews on an abuse of discretion basis. See, e.g., Collins v. OhioAdult Parole Auth., Franklin App. No. 02AP-1161, 2003-Ohio-2952, ¶ 23. The term "abuse of discretion" connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 9} Upon review, particularly in light of appellant's nearly ten-year delay in seeking post-conviction relief, we find no abuse of discretion in allowing the State's responsive pleading. Appellant's First Assignment of Error is overruled. *Page 4 
 II. {¶ 10} In his Second Assignment of Error, appellant, invokingApprendi and Blakely,[1] appears to challenge the merits of the trial court's denial of his postconviction relief petition.
 {¶ 11} The pertinent jurisdictional time requirements for a postconviction petition are set forth in R.C. 2953.21(A)(2) as follows: "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." In order for a court to recognize an untimely postconviction petition pursuant to R .C. 2953.23(A)(1), both of the following requirements must apply:
 {¶ 12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 13} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." *Page 5 
 {¶ 14} Thus, in order for appellant's post-conviction claim to be cognizable, he must demonstrate that the United States Supreme Court has recognized a right that applies retroactively. Foster, which appliedBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403 to Ohio felony sentencing, restricted retroactive application of its holding to cases on direct review. See State v. Pryor, Fairfield App. No. 06 CA 28, 2006-Ohio-6724, ¶ 13, citing State v. Gopp, Wayne App. No. 06CA0034, 2006-Ohio-5477, ¶ 10. Foster is likewise inapplicable where the case is postured before an appellate court as an appeal from a denial of a petition for postconviction relief. See State v.Williams, Franklin App. No. 05AP-339, 2006-Ohio-2197, ¶ 28, citingState v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998, ¶ 38.
 {¶ 15} We hold the trial court properly dismissed appellant's post-conviction petition for, inter alia, failure to satisfy the statutory requirements of R.C. 2953.23(A)(1)(a). Accordingly, we further hold the court did not err in denying said petition without conducting an evidentiary hearing. See State v. Hurst (Jan. 10, 2000), Stark App. No. 1999CA00171, citing State v. Pasqualone (Sept. 30, 1999), Ashtabula App. No. 98-A-0074. *Page 6 
 {¶ 16} Appellant's Second Assignment of Error is overruled.
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J. Hoffman, P. J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to Appellant.
[1] See Apprendi v. New Jersey (2000), 530 U.S. 466; Blakely v.Washington (2004), 542 U.S. 296. *Page 1