[Cite as *State v. Waddell*, 2011-Ohio-4629.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                                      :

    Plaintiff-Appellee,                            :      Case No.   10CA27

    vs.                                              :

DIANA L. WADDELL,                                  :      DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                           :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:          Timothy Young, Ohio Public Defender, and E. Kelly
                                Mihocik, Assistant Ohio Public Defender, 250 East Broad
                                Street, Ste. 1400, Columbus, Ohio 43215[1]

COUNSEL FOR APPELLEE:           J.B. Collier, Jr., Lawrence County Prosecuting Attorney,
                                and Jeffery M. Smith, Lawrence County Assistant
                                Prosecuting Attorney, Lawrence County Courthouse, One
                                Veteran's Square, Ironton, Ohio 45638

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-6-11

ABELE, J.

{¶ 1}   This is an appeal from a Lawrence County Common Pleas Court judgment of

conviction and sentence.   Diana L. Waddell, defendant below and appellant herein, pled guilty

to complicity to aggravated drug trafficking in violation of R.C. 2923.03(A) (2) & R.C.

2925.03(A)(1)(C)(1)(c).   Appellant assigns the following errors for review:

---

[1] Different counsel represented appellant during the trial court proceedings.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT DID NOT PROPERLY IMPOSE COURT COSTS ON MS. WADDELL. THE JUDGMENT ENTRY STATES THAT MS. WADDELL SHALL PAY COURT COSTS. AT THE SENTENCING HEARING, HOWEVER, THE COURT TOLD MS. WADDELL THAT IT WOULD NOT IMPOSE COSTS IF SHE WAS INDIGENT. THE COURT MADE A DETERMINATION THAT MS. WADDELL WAS INDIGENT. COURT COSTS SHOULD NOT HAVE BEEN INCLUDED IN THE JUDGMENT ENTRY."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT IMPOSED A $5,000.00 FINE AS PART OF MS. WADDELL'S SENTENCE WITHOUT CONSIDERING MS. WADDELL'S PRESENT AND FUTURE ABILITY TO PAY THAT FINE."

THIRD ASSIGNMENT OF ERROR:

"MS. WADDELL RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL. HER ATTORNEY FAILED TO OBJECT TO THE IMPOSITION OF MANDATORY FINES AND COURT COSTS EVEN THOUGH MS. WADDELL WAS INDIGENT AND THOSE FINES AND COURT COSTS SHOULD HAVE BEEN WAIVED."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S GENERAL STATEMENT, AT THE SENTENCING HEARING, THAT IT WOULD INCLUDE ANY MANDATORY FINES AS PART OF MS. WADDELL'S SENTENCE WAS INSUFFICIENT TO PROPERLY NOTIFY AND IMPOSE THE $5,000.00 FINE AS PART OF MS. WADDELL'S SENTENCE."

FIFTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT IMPOSED A SENTENCE THAT WAS CONTRARY TO LAW.   THE COURT WAS REQUIRED TO IMPOSE THE MANDATORY-MINIMUM [sic] STATUTORY FINE OF $7,500.00 OR WAIVE THE FINE UPON FINDING MS. Waddell INDIGENT. BUT, INSTEAD THE COURT

IMPOSED A $5,000.00 FINE, WHICH IS CONTRARY TO LAW.   THE JUDGMENT MUST BE VACATED AND THIS MATTER MUST BE REMANDED FOR A *DE NOVO* RESENTENCING [sic]."

SIXTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED MS. WADDELL TO FIVE YEARS OF INCARCERATION. MS. WADDELL'S CODEFENDANT [sic] RECEIVED [sic] THE SAME SENTENCE AS MS. WADDELL, YET, THE TWO HAD DISSIMILAR CIRCUMSTANCES AND DIFFERENT DEGREES OF CULPABILITY."

**{¶ 2}**   Appellant is fifty-eight years old and suffers from an array of physical maladies that necessitate prescriptions for various pain medications, including Oxycodone.   On October 8, 2009, appellant gave some of that medication to her daughter, Amanda Blake, who then sold the medication for money.   Subsequently, the authorities arrested both mother and daughter.

**{¶ 3}**   The Lawrence County Grand Jury returned an indictment that charged appellant with complicity to aggravated trafficking.   She later entered an "Alford plea" and the trial court found her guilty, sentenced her to serve five years in prison and ordered her to pay a $5,000 fine and court costs.   This appeal followed.

I

**{¶ 4}**   We first consider, out of order, the third assignment of error.   Appellant asserts that she received constitutionally ineffective assistance from trial counsel because counsel failed to object to the imposition of a fine or court costs.   Appellant argues that she is indigent, cannot pay those monies and the outcome of the proceedings would have been otherwise if trial counsel had objected.

**{¶ 5}**   Our analysis begins with the settled premise that a criminal defendant has a

constitutional right to the effective assistance of counsel.   McMann v. Richardson (1970), 397

U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763; State v. Lytle (Mar. 10, 1997), Ross App. No.

96CA2182.   To establish ineffective assistance of counsel, a defendant must show that (1) his

counsel's performance was deficient, and (2) such deficient performance prejudiced the defense

and deprived him of a fair trial.   See e.g. Strickland v. Washington (1984), 466 U.S. 668, 687,

104 S.Ct. 2052, 80 L.Ed.2d 674; also see State v. Perez, 124 Ohio St.3d 122, 920 N.E.2d 104,

2009-Ohio-6179, at ¶200.   However, both prongs of the "Strickland test" need not be analyzed if

a claim can be resolved under one prong (in other words, a defendant must satisfy both prongs of

the Strickand test to establish an ineffective assistance claim).   State v. Madrigal (2000), 87

Ohio St.3d 378, 389, 721 N.E.2d 52.   To establish the existence of prejudice, a defendant must

show that a reasonable probability exists, but for counsel's alleged error, the result of the trial

would have been different. State v. White (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v.

Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.

{¶ 6}   A second degree felony violation of R.C. 2525 requires a mandatory fine between

$7,500 and $15,000.   See R.C. 2929.18(B)(1)&(A)(3)(b).   "If an offender alleges in an affidavit

filed with the court prior to sentencing that the offender is indigent and unable to pay the

mandatory fine and if the court determines the offender is an indigent person and is unable to pay

the mandatory fine described in this division, the court shall not impose the mandatory fine upon

the offender." Id. at (B)(1).   In the case sub judice, no such affidavit was filed with the trial

court.   Does the failure to file such an affidavit amount to constitutionally ineffective assistance

of counsel?   We hold that it does under the particular facts and circumstances in this case.

{¶ 7}   Two years ago this Court confronted a similar situation.   See State v. Williams,

Lawrence App. No. 08CA3, 2009-Ohio-657.   In that case, the trial court imposed a mandatory

fine for trafficking.   The appellant argued, however, that she could not pay the fine because she

was indigent.   Id. at ¶¶2,9,19&30.   The appellee conceded that a "reasonable probability"

existed that the appellant would have been found indigent if counsel had filed the appropriate

affidavit and, thus, we sustained her ineffective assistance of counsel claim.   Id. at ¶30.

{¶ 8}   Here, the appellee makes no such concession, but in light of the particular facts

and circumstances at issue, we conclude that   it is probable that the trial court could find

appellant to be indigent.   Appellant is nearly fifty-nine years old and suffers from many

debilitating medical problems.   Appellant represented that she received a G.E.D., but we find

nothing to indicate a work history.   Indeed, an affidavit of indigency and the Pre-Sentence

Investigation Report reveals that her only sources of income are "SSI" and "welfare for

grandkids."[2]   Trial counsel also pointed out that his client had "home health care" come to her

home "[s]even days a week, six hours a day" just to help with "basic living."   We also find no

indication that the trial court considered her present or future ability to pay the fine. Although on

remand the trial court may, after further inquiry, ultimately find otherwise, we believe that a

"reasonable" probability exists that appellant would have been deemed to be indigent had

counsel filed an affidavit.   Thus, consistent with Williams, supra, at ¶30, we sustain appellant's

third assignment to this limited extent.[3]

---

[2]   We emphasize that our decision is neither based on that affidavit nor on the fact that the Public Defender represents appellant on appeal.     Indigency for purposes of affording counsel, and for purposes of paying fines, are separate and distinct issues. See State v. Millender, Fairfield App. No. 03-CA-78, 2004-Ohio-871, ¶8.

[3]   We emphasize that we find only a "reasonable" probability, not a "certainty," that appellant will be found unable to pay the fine.

{¶ 9}   Insofar as court costs are concerned, R.C. 2947.23 provides that a trial judge shall include in a sentence the costs of prosecution and render judgment against a defendant for those costs. Id.   The appellee argues that R.C. "2947.23 . . . is mandatory, and does not require any assessment of an offenders [sic] ability to pay."   With regard to the assessment of those costs, we agree with appellee.   However, that does not mean that costs cannot be waived for indigent defendants.

{¶ 10}  The Ohio Supreme Court has held that a waiver of court costs is permitted, but not required, if a defendant is indigent.   State v. Joseph, 125 Ohio St.3d 76, 926 N.E.2d 278, 2010-Ohio-954, at ¶11; State v. White, 103 Ohio St.3d 580, 817 N.E.2d 393, 2004-Ohio-5989 at ¶14.   To that end, in the case sub judice the trial court advised appellant at the sentencing hearing that, "[i]f you can't afford the court costs I will waive them."   In view of appellant's age, medical condition, lack of education and lack of income, we believe that a reasonable probability exists that the trial court may have exercised its discretion and waived those costs had trial counsel raised the issue and asserted that his client is indigent.

{¶ 11}  For all these reasons, we hereby sustain appellant's third assignment of error.

II

{¶ 12}  Our disposition of appellant's third assignment of error renders appellant's first, second, fourth and fifth assignments of error moot.   Consequently, we disregard them.   See App.R. 12(A)(1)(c).

III

{¶ 13}  In her sixth assignment of error, appellant argues that the trial court abused its discretion by sentencing her to serve a five year term of incarceration.   Appellant notes that this

is the same punishment that her co-defendant (daughter) received and, she maintains, is excessive in her case.

{¶ 14} Appellate review of a felony sentence involves a two-step process. State v. Kalish, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912, at ¶4. The first inquiry requires an appellate court to ascertain if a trial court complied with all applicable statutes and rules. Id. If the court did so comply, the next inquiry is to determine whether the court's sentences constitute an abuse of discretion. Id.

{¶ 15} In the case sub judice, appellant does not challenge her sentence as falling outside the permitted statutory range. Rather, she argues the second part of the Kalish test and contends that the "principal offender" (appellant's daughter) also received a five year sentence even though she was charged with four counts from two separate cases. Appellant argues that to impose the same sentence on her, when she was charged with only one count of complicity, constitutes an abuse of the trial court's discretion.

{¶ 16} Generally, an "abuse of discretion" is more than an error of law or judgment; rather, it implies that a court's attitude is unreasonable, arbitrary or unconscionable. State v. Herring (2002), 94 Ohio St.3d 246, 255, 762 N.E.2d 940; State v. Adams (1980), 60 Ohio St.2d 151, 157, 404 N.E.2d 144. When conducting a review under the abuse of discretion standard, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181. Further, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but perversity of will; not the exercise of judgment, but defiance of

judgment; not the exercise of reason, but, instead, passion or bias. See Vaught v. Cleveland Clinic Found., 98 Ohio St.3d 485, 787 N.E.2d 631, 2003- Ohio-2181, ¶13; Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.

{¶ 17} Although trial courts are not required to explain reasons for imposing a particular sentence, State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio- 856, at ¶100, the sentencing hearing transcript in the case sub judice reveals that the trial court expressly imposed the same sentence on appellant as it did her daughter, based upon the "facts and circumstances of the whole thing." Admittedly, the court was somewhat vague as to the precise facts or reasons, but the appellee argued at the outset of the hearing that it considered appellant's offense "more heinous" than her daughter's because appellant supplied the Oxycodone. Indeed, we agree with the trial court that little difference exists in this case between appellant and other suppliers of illegal drugs supplied for distribution. Furthermore, appellant involved her own daughter in this illegal enterprise and her daughter is also now in prison. We cannot conclude that appellant's five year sentence is outrageous, unreasonable or unconscionable. The trial court's decision to impose that sentence does not constitute an abuse of discretion. Consequently, we hereby overrule appellant's sixth assignment of error.

{¶ 18} Having sustained appellant's third assignment of error, we hereby affirm, in part, and reverse, in part, the trial court's judgment and remand the case for further proceedings concerning appellant's present or future ability to pay the fine and whether she must pay court costs.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART AND CASE
REMANDED FOR FURTHER

PROCEEDINGS CONSISTENT
WITH THIS OPINION.


JUDGMENT ENTRY


It is ordered that the judgment be affirmed in part, reversed in part and the case remanded for further proceedings consistent with this opinion.   Appellant to recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

        Kline, J.: Concurs in Judgment & Opinion
        McFarland, J.: Concurs in Judgment Only


                                                    For the Court




                                            BY:_____
                                        Peter B. Abele, Judge

**NOTICE TO COUNSEL**
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the

time period for further appeal commences from the date of filing with the clerk.