[Cite as *State v. Millender*, 2012-Ohio-2331.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 CA 63 |
| CHARLES MILLENDER | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:  Criminal Appeal from the Court of Common
Pleas, Case No.  02 CR 268


JUDGMENT:  Affirmed


DATE OF JUDGMENT ENTRY:  May 22, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GREGG MARX                          DAVID A. SAMS
PROSECUTING ATTORNEY         Box 40
JOCELYN S. KELLY                    West Jefferson, Ohio  43162
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio  43130

*Wise, J.*

{¶1} Appellant Charles F. Millender appeals from the denial of his petition for post-conviction relief in the Court of Common Pleas, Fairfield County. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On October 21, 2002, appellant pled guilty to one count of trafficking in crack cocaine, R.C. 2925.03(A) and (C)(4)(f), with specifications, and one count of trafficking in crack cocaine, R.C. 2925.03(A) and (C)(4)(g), with specifications. These were counts two and three of a three-count indictment, the first count of which was dismissed.

{¶3} The trial court conducted a sentencing hearing on December 5, 2002. On count two, appellant was sentenced to a prison term of five years. On count three, appellant was sentenced to a prison term of ten years. The two terms were ordered to be served consecutively. The court further ordered, inter alia, that appellant pay a fine of $10,000 on each count and that appellant forfeit his interest in a 1999 Chrysler automobile and $14,030 in U.S. currency.

{¶4} Appellant appealed from his conviction and sentence; however, on March 26, 2003, this Court affirmed the decision of the Fairfield County Court of Common Pleas. See *State v. Millender,* Fairfield App. No. 03CA03, 2003-Ohio-1691. The Ohio Supreme Court subsequently declined to hear the appeal. *State v. Millender,* 100 Ohio St.3d 1544, 2003-Ohio-6879.

{¶5} In the meantime, appellant filed a motion seeking to "dismiss mandatory fines imposed" and to have returned to him monies seized for said fines. On September 12, 2003, the trial court issued a judgment entry overruling appellant's

motion regarding his fines. Appellant thereupon appealed to this Court; on February 24, 2004, we affirmed the trial court's decision to deny his motion. See *State v. Millender*, Fairfield App.No. 03 CA78, 2004-Ohio-871.

{¶6} On September 15, 2011, appellant filed with the trial court a petition for post-conviction relief and request for resentencing. The State filed a memorandum contra on October 19, 2011. Appellant filed a rebuttal memorandum on October 28, 2011.

{¶7} On November 2, 2011, the trial court issued a judgment entry denying appellant's motion for post-conviction relief.

{¶8} On November 30, 2011, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶9} "I. THE TRIAL COURT ERRED IN DENYING PETITIONER-APPELLANT (SIC) POST-CONVICTION RELIEF IN THE FORM OF RESENTENCING TO REDUCED AND CONCURRENT TERMS IN VIOLATION OF OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

I.

{¶10} In his sole Assignment of Error, appellant contends the trial court erred in denying his petition for post-conviction relief to seek resentencing. We disagree.

{¶11} The pertinent jurisdictional time requirements for a postconviction petition are set forth in R.C. 2953.21(A)(2) as follows: "*** A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication ***." In order for a court to recognize an untimely

postconviction petition pursuant to R.C. 2953.23(A)(1), both of the following requirements must apply:

**{¶12}** "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶13}** "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

**{¶14}** A court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements in R.C. 2953.23(A). *State v. Demastry,* Fairfield App. No. 05CA14, 2005-Ohio-4962, ¶ 15. In the case sub judice, appellant's direct appeal from his convictions and sentence was completed in 2003. Clearly, his petition for post-conviction relief of September 15, 2011 is facially untimely. Appellant, in his petition, seemed to propose that his post-conviction claim was properly before the trial court under the second requirement of R.C. 2953.23(A)(1)(a), because it was premised on *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. In *Foster,* the Ohio Supreme Court declared portions of R.C. 2929.14, R.C. 2929.19 and R.C. 2929.41 unconstitutional under *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.

{¶15} We thus interpret appellant's reliance on *Foster* as a means of invoking the *Apprendi* and *Blakely* decisions from the United States Supreme Court as both the procedural and meritorious grounds, under R.C. 2953.23(A)(1), for his untimely post-conviction petition. However, this Court has previously found *Foster*-based arguments to be inapplicable where a case is postured before an appellate court as an appeal from a denial of a petition for postconviction relief. See *State v. Bunting*, Stark App.No. 2007CA00028, 2007-Ohio-4254, ¶ 14, citing *State v. Williams,* Franklin App.No. 05AP-339, 2006-Ohio-2197, ¶ 28, citing *State v. Myers,* Franklin App. No. 05AP-228, 2005-Ohio-5998, ¶ 38. Cf., also, *State v. Ferguson*, Tuscarawas App.No. 2005 AP 09 0066, 2006-Ohio-2263, ¶ 15. Accordingly, we find appellant's attempt to obtain resentencing under *Foster* via post-conviction relief under these circumstances was properly denied by the trial court.

{¶16} Appellant's sole Assignment of Error is overruled.

{¶17} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0507

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
CHARLES MILLENDER                      :
                                       :
    Defendant-Appellant            :          Case No. 11 CA 63


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____

JUDGES