DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes to us on appeal from the Huron County Court of Common Pleas, which entered judgment allocating parental rights and responsibilities and ordering child support for the parties' minor children. For the following reasons, the judgment is affirmed in part and reversed in part.
 {¶ 2} The parties were married, had two children, Jason and Christine, and then divorced in 1993. In 1994, Jeffrey Montgomery, appellee herein, filed a motion for *Page 2 
custody of both children. It was granted and he became the residential parent. Appellant, Angela Montgomery, was ordered to pay child support. On February 3, 2006, Angela filed a motion to reallocate parental rights and responsibilities. On April 3, 2006, the parties filed a "joint motion" to reallocate parental rights and responsibilities, stipulating that Christine had been residing with Angela in Tennessee. The joint motion did not specify the length of time in which Christine had been residing with Angela. The parties requested that Angela be designated Christine's custodial and residential parent, and requested orders setting child support, visitation, payment of extraordinary medical expenses, and "such further orders as are in the interests of justice and in the best interests of the said child."
 {¶ 3} Two days later, on April 5, 2006, the magistrate entered an order designating Angela as Christine's custodial and residential parent; the remaining issues of child support, visitation and medical expenses were continued and the parties were ordered to brief the issues.
 {¶ 4} In her memorandum, Angela asserted that Christine had been residing with her since October 2003, that Jeffrey had not paid any child support since then, that he had continued to claim Christine as a dependent for tax purposes, and that Angela had continued to pay child support to Jeffrey for Christine pursuant to the prior orders. Angela requested child support for Christine retroactive to October 2003, and requested that it not be paid via a "credit against any arrears" she owed Jeffrey. She also requested *Page 3 
that the prior order for child support be terminated retroactive to October 2003, and that she be awarded the dependency tax exemption for Christine.
 {¶ 5} Jeffrey argued that, because Angela's child support obligation was in arrears, he should not be ordered to pay support but, instead, any support order imposed upon him should be deducted from Angela's arrears until her support order was current. He also argued that, since Christine had resided with Angela for three years, the doctrine of laches barred her from claiming child support retroactively to October 2003.
 {¶ 6} The magistrate ordered Jeffrey to maintain medical coverage for the children and ordered Jeffrey to pay child support for Christine in the amount of $368.31 per month. The new child support order was made retroactive to the date Angela filed the motion requesting a reallocation of rights and responsibilities, February 3, 2006. Jeffrey was granted the right to claim both children as dependents for tax deduction purposes.
 {¶ 7} The trial court adopted the magistrate's decision on July 24, 2006. Angela filed objections which the court found not well taken by judgment entry on August 29, 2006.
 {¶ 8} Angela timely appealed that judgment and now assigns two errors for review:
 {¶ 9} "The trial court committed substantial, prejudicial and reversible error in failing to make the effective date of the child support order the same as the de facto date of the change of custody of the child i.e. October 2003 [sic]. *Page 4 
 {¶ 10} "The trial court committed substantial, prejudicial and reversible error in failing to award the tax dependency exemption to Appellant."
 {¶ 11} Angela first argues that the order for Jeffrey to pay child support for Christine should have been made retroactive to October 2003, when she received "de facto" custody of Christine, instead of the date she filed the motion to reallocate parental responsibilities. The decision to make a child support order modification retroactive is within the discretion of the trial court and cannot be reversed unless the trial court abused its discretion. Booth v. Booth (1989),44 Ohio St.3d 142; Hamilton v. Hamilton (1995), 107 Ohio App.3d 132, 139. "An abuse of discretion connotes more than an error of law or judgment; it implies that the judgment of a court is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219." Id.
 {¶ 12} Generally, orders which modify child support are made retroactive to the date the motion requesting the modification was filed, absent some "special circumstance." Id. As in Hamilton, a "special circumstance" must usually be shown so that child support willnot be ordered retroactive to the date of the motion's filing. Here, Angela requests the child support order be made retroactive prior to the date the motion was filed, because, as she asserts, she received "de facto" custody of the child in October 2003. In response, Jeffrey argues that the plain language of R.C. 3119.84 does not permit the modification of child support payments which became due before the motion's filing.
 {¶ 13} R.C. 3119.84 provides: *Page 5 
 {¶ 14} "A court with jurisdiction over a court support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the court support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered."
 {¶ 15} The statute's use of the permissive term "may" indicates that a trial court has discretion to modify a child support order only during the time frame between each party's receipt of notice that a motion to modify has been filed and the final order disposing of the motion. Since the time period over which discretion may be exercised is specified by statute, the clear implication is that a trial court has no discretion to retroactively modify a child support order outside of the specified time frame. Accord, Walker v. Walker, 151 Ohio App.3d 332, 2003-Ohio-73, ¶ 21-22; Tobens v. Brill (1993), 89 Ohio App.3d 298, 304; Coffman v.Coffman (June 28, 1995), 2nd Dist. No. 94-CA-104 (applying prior analogous statute, R.C. 3113.21(M)(4)). Thus, Jeffrey's argument is well-taken, and appellant's first assignment of error is not well-taken.
 {¶ 16} Next, Angela argues that the dependency tax exemption for Christine should have been awarded to her as the residential and custodial parent. In order to find error in an allocation of the exemption, we must find that the trial court abused its discretion.Eickelberger v. Eickelberger (1994), 93 Ohio App.3d 221, 225-26. The magistrate's finding, adopted by the trial court by reference, states:
 {¶ 17} "Pursuant to the provisions of R.C. 3119.82, Father should be able to claim both minor children for income tax purposes as dependents for federal income tax filing *Page 6 
purposes; further, based upon the parties' stipulated income, and Mother's ability to file as head of household to take advantage of earned income credit provisions, the ability to claim Christine as a dependent at her level of income provides no financial benefit to her whatsoever, but does provide some benefit to Father."
 {¶ 18} R.C. 3119.82 governs the allocation of the exemption and relevantly provides:
 {¶ 19} "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the `Internal Revenue Code of 1986,'100 Stat. 2085, 26 U.S.C. 1, as amended. * * * If the parties do not agree, the court, in its order, may permit the parent who is not the residentialparent and legal custodian to claim the children as dependents forfederal income tax purposes only if the court determines that thisfurthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, *Page 7 
and any other relevant factor concerning the best interest of the children." (Emphasis added.)
 {¶ 20} In Foster v. Foster, 6th Dist. No. S-03-037, 2004-Ohio-3905, we confronted similar facts. The residential parent appealed the trial court's award of the dependency tax exemption to the non-residential parent who had also been ordered to pay child support. In upholding the award to the non-residential parent, we held:
 {¶ 21} "[I]f a trial court allocates a dependency tax exemption to the noncustodial parent, the record must show that the allocation furthered the best interests of the child. Bobo v. Jewell (1988),38 Ohio St.3d 330, 332. Generally, the best interest of the child is furthered when there is a net tax savings to the parent. Singer v. Dickinson (1992),63 Ohio St.3d 408, 415. The purpose of the net tax savings issue is that the savings to the parent usually equates to more money being available for the care of the child. The net tax savings is one of the five factors that a court is required to weigh under R.C. 3119.82.
 {¶ 22} "Pursuant to R.C. 3119.82, the noncustodial parent is permitted to receive the dependency tax exemption if the court `determines that this furthers the best interest of the children and * * * payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents.' In making its decision, the court is required to consider any net tax savings, relative financial circumstances of the parents and child, amount of time spent with each parent, eligibility of parents for federal earned income tax credit or other tax credit, and other relevant factors concerning the best interest of the child. *Page 8 
 {¶ 23} "While all of the above factors must be considered and individually weighed, the crux of the issue is the best interest of the child." Id., ¶ 20-22.
 {¶ 24} Since a child's best interest is generally furthered when the dependency tax exemption yields the greatest return to the parents, "a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." Singer v. Dickinson, 63 Ohio St.3d 408, paragraph three of the syllabus. Although we have previously held that the statute does not require the trial court to state its reasons for the award, In re TaylorG, 6th Dist. No. L-05-1197, 2006-Ohio-1992, the statute does state that the nonresidential parent may receive the exemption "only if the courtdetermines that this furthers the best interest of the children." Therefore, a trial court would err if it failed to determine that awarding the exemption to the nonresidential parent was in the child's best interests. Further, any such determination must be supported by the record.
 {¶ 25} Here, the magistrate's decision, adopted by the trial court, contains no determination that awarding the exemption to Jeffrey would be in Christine's best interests; instead, the award was purely based upon the best financial outcome for the parents. Even if there had been an express determination of Christine's best interests, however, the record would not support it.
 {¶ 26} The parties stipulated to their incomes for calculation purposes: Angela stipulated to earning $10,712, and Jeffrey stipulated to earning $43,000. In In re Taylor *Page 9 G., we noted that the best interests of the child are often served "when the noncustodial parent's taxable income falls into a higher tax bracket than the custodial parent's taxable income." Id. at ¶ 23. However, consideration of this sole factor is insufficient to satisfy the statute unless the record demonstrates that the factor supports a conclusion that the noncustodial parent's savings would be in the child's best interests. The statute also requires the court to consider, in addition to the parents' tax savings, the impact of the exemption on the earned income credit, the relative financial circumstances of the parentsand children, and the amount of time the children spend with each parent. While the statute does not require explicit articulation of the child's best interests, there must be some connection or relation between those factors considered and the child's best interests.
 {¶ 27} The judgment simply states that Jeffrey would receive "some" tax benefit, while Angela would receive none since she may qualify for the earned income tax credit as the head of household. These statements fail to account for the child's best interests. Also, it ignores the impact of Angela's ability to claim a dependent on the earned income credit.
 {¶ 28} Jeffrey's income renders him ineligible for the earned income credit; he could only claim the standard $1,000 tax credit for an eligible child. 26 U.S.C. 24(a). Angela's income renders her eligible for the earned income credit at a rate of 7.65 percent if she claims no dependents, but she is eligible for a credit of 34 percent of her income if she claims one dependent. 26 U.S.C. 32. The earned income credit was created to *Page 10 
reduce disincentives to work, to stimulate the economy by shifting money to people more likely to spend the money immediately, and to provide relief for low-income families. Sorenson v. Secretary of Treasury ofU.S. (1986), 475 U.S. 851, 864. The earned income credit is treated as a "payment" of tax and can therefore "reduce a person's tax liability to a number below zero." Harbour v. Ridgeway, 10th Dist. No. 04AP-350,2005-Ohio-2643, ¶ 24. "Unlike certain other credits * * * the earned-income credit is `refundable.' Thus, if an individual's earned-income credit exceeds his tax liability, the excess amount is `considered an overpayment' of tax * * *[.] * * * An individual who is entitled to an earned-income credit that exceeds the amount of tax he owes thereby receives the difference as if he had overpaid his tax in that amount." Id., citing Sorenson v. Secretary of Treasury ofU.S., supra.
 {¶ 29} Therefore, according to the parties' stipulated incomes, the dependency exemption gives Angela a greater cash-in-hand realization than Jeffrey when she claims the dependency exemption and is eligible for the earned income credit, and a far greater tax benefit than if she had no qualifying children. Granting Angela the tax exemption in this case is clearly in the child's best interest, since it would give Angela, with her lower income, a greater cash-in-hand savings to spend on the child as the residential parent.
 {¶ 30} Accordingly, we find the trial court abused its discretion in awarding the non-custodial parent with the greater income the dependency tax exemption in this case since it failed to consider the child's best interests and the record does not support a *Page 11 
conclusion that the award was in the child's best interests. Appellant's second assignment of error is well-taken.
 {¶ 31} For the foregoing reasons, the judgment of the Huron County Court of Common Pleas is affirmed in part and reversed in part. The trial court is instructed to modify the judgment by awarding appellant the dependency tax exemption for the parties' minor daughter, Christine. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J. and Thomas J. Osowik, J. CONCUR. *Page 1