OPINION *Page 2 
{¶ 1} Defendant-appellant Franklin L. Fugitt appeals the August 7, 2006 Judgment Entry of the Fairfield County Court of Common Pleas overruling his objections to the March 16, 2006 Magistrate's Decision modifying child support in favor of Plaintiff-appellee Robin Ann Fugitt.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were previously married, and divorced, with two children born of the marriage. The eldest child is severely handicapped. Both children primarily reside with Appellee, and the trial court ordered Appellant pay child support to Appellee.
 {¶ 3} On January 20, 2003, Appellee filed a motion to modify the child support obligation owed by Appellant. On April 15, 2003, the trial court conducted a hearing before Judge S. Farrell Jackson relative to Appellee's motion to modify child support. Via Judgment Entry of November 25, 2003 Judge Jackson ruled on several issues, but transferred the issue of child support modification to Magistrate Kevin Trotter ordering the parties to file updated financial affidavits, stating specifically which extraordinary expenses would be considered in a deviation of the child support obligation. Both parties filed updated financial affidavits, as well as memorandum, and supporting documents: On March 16, 2006, Magistrate Trotter issued a Magistrate's Decision in favor of Appellee.
 {¶ 4} Appellant filed timely objections to the Magistrate's Decision on March 27, 2006. The trial court conducted a non-oral hearing with regard to Appellant's objections. On August 7, 2006, via Judgment Entry, Judge Jackson overruled Appellant's objections. *Page 3 
 {¶ 5} Appellant now appeals, assigning as error:
 {¶ 6} "I. THE TRIAL COURT DID NOT AFFORD THE APPELLANT HIS DUE PROCESS RIGHTS, STATUTORY RIGHTS AND OTHER RIGHTS TO AN ORAL EVIDENTIARY HEARING ON THE ISSUES CONCERNING CHILD SUPPORT AND THEREFORE, THE MAGISTRATE'S DECISION FILED MARCH 16, 2006 AND JUDGMENT ENTRY/RULING ON OBJECTIONS TO MAGISTRATE'S DECISION FILED AUGUST 7, 2006 SHOULD BE OVERTURNED AND THE CHILD SUPPORT ISSUES SHOULD BE REFERRED BACK TO THE TRIAL COURT FOR A FULL EVIDENTIARY HEARING THEREON.
 {¶ 7} "II. THE EVIDENCE PRESENTED TO MAGISTRATE WAS INSUFFICIENT TO SUPPORT THE MAGISTRATE'S DECISION FILED MARCH 16, 2006 AND WAS INSUFFICIENT TO SUPPORT THE JUDGEMENT [SIC] ENTRY/RULING ON OBJECTIONS TO MAGISTRATE'S DECISION FILED AUGUST 7, 2006 AND THEREFORE, SAID MAGISTRATE'S DECISION AND JUDGMENT ENTRY SHOULD BE OVERTURNED AND REMANDED BACK TO THE TRIAL COURT FOR A FULL EVIDENTIARY HEARING THEREON.
 {¶ 8} "III. THE DECISION OF THE MAGISTRATE FILED MARCH 16, 2006 RETROACTIVELY INCREASING CHILD SUPPORT TO JANUARY 30, 2003 IS IMPROPER AND IS NOT SUPPORTED BY THE EVIDENCE AND AS SUCH, THESE MATTERS SHOULD BE REMANDED TO THE TRIAL COURT FOR A FULL EVIDENTIARY HEARING THEREON." *Page 4 
 I {¶ 9} In the first assignment of error, Appellant argues the trial court violated his right to an evidentiary hearing on the issue of child support.
 {¶ 10} Upon review of the record, Appellant did not object to the trial court's not holding an evidentiary hearing relative to Appellee's motion to modify child support after the issue was transferred to Magistrate Trotter. Nor did Appellant object to Judge Jackson's November 25, 2003 Judgment Entry transferring the issue to Magistrate Trotter with indications of which extraordinary expenses to consider in a deviation of the child support obligation following the parties filing of updated financial affidavits. Rather, Appellant elected to proceed and only objected after the trial court rendered an unfavorable decision in Appellee's favor.
 {¶ 11} Both parties testified at the initial hearing, and both parties introduced evidence relative to issues. Therefore, in the absence of any evidence Appellant requested further oral hearing on the motion, we must presume the regularity of the proceedings before the trial court and the validity of the judgment below.
 {¶ 12} Appellant's first assignment of error is overruled.
 II, III {¶ 13} Appellant's second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 14} Appellant argues the March 16, 2006 Magistrate's Decision and the August 7, 2006 Judgment Entry were not supported by the sufficiency of the evidence. *Page 5 
 {¶ 15} Specifically, appellant cites Appellee's allegation her day care expenses substantially increased, without submission of sufficient receipts or cancelled checks sufficiently establishing the same.
 {¶ 16} We note Appellant has not cited where in the record he objected to Appellee's introduction of evidence demonstrating her childcare expenses.
 {¶ 17} At the April 15, 2003 hearing in this matter, Appellee testified she claimed the maximum daycare expenses allowed by the IRS, but her expense was much higher due to her child's extensive needs as a handicapped child. Appellee testified the child needs constant care. Additionally, Appellee introduced a signed statement from the children's daycare provider indicating the expenses were for work-related daycare. Appellee further introduced documentation demonstrating extraordinary mileage and clothing due to trips to the child's medical specialists. We find there was sufficient evidence to support the trial court's decision to modify child support, and making the order retroactive to the time the motion to modify was originally filed was not an abuse of discretion.
 {¶ 18} Accordingly, Appellant's second and third assignments of error are overruled. *Page 6 
 {¶ 19} The judgment of the Fairfield County Domestic Relations Court is affirmed. By: Hoffman, J. Gwin, P.J. and Wise, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Domestic Relations Court is affirmed. Costs assessed to Appellant. *Page 1