OPINION
{¶ 1} Appellant Michael Greene appeals decision of the Licking County Court of Common Pleas, Domestic Relations Division, ruling upon his post-decree motion addressing child support and spousal support. Appellee Kelly Sue Greene is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on October 13, 1979 in Marion, Ohio. On January 17, 2001, the trial court issued a decree of divorce pursuant to appellant's complaint and appellee's counterclaim. The court ordered, inter alia, appellant to pay spousal support of $2,000.00 per month, to terminate upon the death of either party or appellee's remarriage. The court retained jurisdiction to modify spousal support, and specifically ordered that neither appellee's employment situation nor any cohabitation with a non-relative male would be a factor in future modification.
 {¶ 3} Furthermore, pursuant to a shared parenting plan, neither party was ordered to pay child support for their son, Garrett.
 {¶ 4} On March 17, 2005, appellant filed a post-decree motion seeking a termination of shared parenting, a modification of spousal support, and an award of child support from appellee. The matter proceeded to a hearing before a magistrate on November 3, 2005. The magistrate issued a decision on January 17, 2006, recommending, among other things, that spousal support be reduced from $2,000.00 per month to $1,687.40 per month. The magistrate also recommended that appellee pay child support to appellant of $551.55 per month, commencing as of the date of the final judgment entry on the motion. *Page 3 
 {¶ 5} On January 24, 2006, appellee filed a "Motion for Reconsideration and Extension of Time in Which to File Objections." Appellant filed a memorandum in opposition on February 8, 2006.
 {¶ 6} On March 2, 2006, the trial court denied appellee's request for reconsideration, but allowed appellee to order a transcript within 14 days and file her objections within 14 days of the receipt thereof. However, as of March 16, 2006, appellee had not requested the transcript. Accordingly, appellant filed a motion four days later asking the court to adopt the magistrate's decision. Appellee responded with a memorandum contra and a request for transcript, with a deposit for the stenographer, on March 22, 2006. Appellee also obtained leave to request the transcript out of rule.
 {¶ 7} Following the completion of the transcript on August 15, 2006, appellee filed her Civ. R. 53 objections on August 17, 2006, the gist of which was that her investment income had been overstated. The trial court remanded the matter to the magistrate, who recalculated child support to $225.70 per month and issued a new decision on May 3, 2007.
 {¶ 8} On May 17, 2007, appellant filed his Civ. R. 53 objection to the magistrate's decision. On June 6, 2007, the trial court overruled appellant's objection. On June 25, 2007, the trial court issued a final judgment entry on appellant's motion to modify.
 {¶ 9} On June 28, 2007, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT DENIED MICHAEL'S REQUEST TO TERMINATE SPOUSAL SUPPORT. *Page 4 
 {¶ 11} "II. THE TRIAL COURT ERRED WHEN IT DID NOT DETERMINE THAT KELLY HAD INTEREST AND DIVIDEND INCOME IN THE AMOUNT OF $3,100/MO. WHEN COMPUTING THE AMOUNT OF CHILD SUPPORT SHE SHOULD PAY.
 {¶ 12} "III. THE TRIAL COURT ERRED WHEN IT DID NOT ORDER THE PAYMENT OF CHILD SUPPORT TO BEGIN RETROACTIVELY TO THE TIME MICHAEL'S MOTION WAS FILED.
 {¶ 13} "IV. THE TRIAL COURT ERRED WHEN IT ALLOWED KELLY TO FILE OBJECTIONS TO THE MAGISTRATE'S DECISION AFTER THE OBJECTION DEADLINE."
 I. {¶ 14} In his First Assignment of Error, appellant argues the trial court erred in denying his request to terminate his spousal support obligation. We disagree.
 {¶ 15} R.C. 3105.18(C)(1)(a) through (n), provides the factors that a trial court is to review in addressing spousal support issues:
 {¶ 16} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 17} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to *Page 5 
which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 18} Modifications of spousal support are reviewable under an abuse-of-discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142,541 N.E.2d 1028. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. The burden of establishing the need for modification of spousal support rests with the party seeking modification. Tremaine v. Tremaine (1996), 111 Ohio App.3d 703,676 N.E.2d 1249. There is no intrinsic requirement for a trial court to list and comment upon each factor under R.C. 3105.18 when addressing spousal support. See Cox v. Cox, Logan App. No. 8-06-17, 2007-Ohio-5769, ¶ 26, *Page 6 
citing Blackledge v. Blackledge, Licking App. No. 03-CA-44, 2004-Ohio-2086, ¶ 21.
 {¶ 19} The gist of appellant's argument centers on two issues. He first contends that appellee has had a live-in boyfriend for nearly five years, whom she allegedly supports with the spousal support funds. Appellant secondly contends that the parties' incomes have changed since the divorce. Appellant's Brief at 5-6. However, as noted in our recitation of facts, supra, the original decree specifically precludes consideration of appellee's non-marital cohabitation issues and the status of her employment for purposes of spousal support modification.
 {¶ 20} Here, the trial court considered, among the pertinent statutory factors, that appellant's annual income had been reduced since the divorce from $180,000 to $151,000, ultimately ordering a downward modification in spousal support from $2,000.00 per month to $1,687.40 per month, which appellant presently disputes as an insufficient reduction. Nonetheless, upon review, we find the trial court reviewed the factors of R.C. 3105.18(C)(1), and we cannot conclude the court abused its discretion under these circumstances in denying a modification of spousal support to zero.
 {¶ 21} Appellant's First Assignment of Error is overruled.
 II. {¶ 22} In his Second Assignment of Error, appellant argues the trial court erred in failing to determine that appellee had interest and dividend income of $3,100.00 per month for purposes of calculating child support. We disagree.
 {¶ 23} In the case sub judice, the magistrate originally found that appellee had "investment income of approximately $3,100 per month * * *." Magistrate's Decision, *Page 7 
January 17, 2006, at 8. This was apparently based on her interrogatory answers filed March 17, 2005, in which she set forth part of her non-wage income as "3,100.00 / mo." from Franklin Templeton Funds, as well as her corresponding magistrate's trial testimony. See Tr. at 180. But see Tr. at 47-48. The magistrate then annualized this figure to $37,200 and utilized it on line 3 of the child support guideline worksheet.
 {¶ 24} As part of appellee's Civ. R. 53 objections and subsequent remand by the trial judge to the magistrate, appellee presented documentation, in the form of prior tax returns, indicating that her investment income was significantly less than the $37,200 figure used in the worksheet. See Exhibits 1-3, August 17, 2006.
 {¶ 25} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, 281,376 N.E.2d 578.
 {¶ 26} Upon review, we find it was in the province of the finder of fact in this matter to implicitly conclude, following Civ. R. 53 review, that appellee had unintentionally misstated her investment income as a "per month" figure as opposed to an annual amount. We will therefore not substitute our judgment for that of the trial court in this regard.
 {¶ 27} Appellant's Second Assignment of Error is therefore overruled. *Page 8 
 III. {¶ 28} In his Third Assignment of Error, appellant argues the trial court erred by declining to order the child support modification retroactive to the date of appellant's motion, which was more than two years prior to the court's final decision. We disagree.
 {¶ 29} Our standard of review regarding the retroactivity of child support modifications is that of abuse of discretion. See Fugitt v.Fugitt, Fairfield App. No. 06-CA-50, 2007-Ohio-6514, ¶ 17; Montgomery v.Montgomery, Huron App. No. H-06-035, 2007-Ohio-2539, ¶ 11. Some appellate courts have concluded that absent some special circumstance, an order of a trial court modifying child support should be retroactive to the date such modification was first requested. See, State ex rel. Draiss v.Draiss (1990), 70 Ohio App.3d 418, 421, 591 N.E.2d 354, 356; See, also,Naragon v. Naragon (Oct. 24, 1990), Summit App. No. 14583. This Court has espoused a similar position. See O'Brien v. O'Brien, Fairfield App. No. 2003-CA-F12069, 2004-Ohio-5881, ¶ 62-63.
 {¶ 30} Nonetheless, given that the shared parenting plan from the original decree remained extant during the pendency of the modification motion in the case sub judice, and given that both appellant and appellee filed Civ. R. 53 objections during this time, we are not inclined to find an abuse of discretion in the court's decision to make the child support adjustment non-retroactive.
 {¶ 31} Appellant's Third Assignment of Error is therefore overruled.
 IV. {¶ 32} In his Fourth Assignment of Error, appellant argues the trial court erred in allowing appellee to file her Civ. R. 53 objections. We disagree. *Page 9 
 {¶ 33} A trial court has the inherent authority to manage its own proceedings and control its own docket. Love Properties, Inc. v.Kyles, Stark App. No. 2006CA00101, 2007-Ohio-1966, ¶ 37, citing State exrel. Nat. City Bank v. Maloney, Mahoning App. No. 03 MA 139,2003-Ohio-7010, ¶ 5. Furthermore, magistrate decisions are generally interlocutory in nature, and may be reconsidered upon the court's own motion or that of a party. See Robinson v. Ohio BMV, Cuyahoga App. No. 88172, 2007-Ohio-1162, ¶ 5, citing Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, fn 1. Moreover, Civ. R. 53(D)(5) provides: "For good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision. * * * ."
 {¶ 34} Upon review of the procedural record in this matter, we hold the trial court acted within the parameters of its authority and did not commit reversible error in reviewing appellee's request for reconsideration and thereupon granting two extensions for filing appellee's Civ. R. 53 objections, pending the preparation of a transcript of the magistrate's first hearing. *Page 10 
 {¶ 35} Appellant's Fourth Assignment of Error is therefore overruled.
 {¶ 36} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J., and Gwin, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1