OPINION *Page 2 
{¶ 1} Appellant Warren Hallmon appeals the decision of the Guernsey County Court of Common Pleas, Juvenile Division, which established an Ohio order for child support and visitation regarding Appellant's son. Appellee is Barbara Thursby.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and Appellee are the natural parents of Warren Hallmon, II. Appellant lives in Mississippi. Appellee resides in Guernsey County. A court in the State of Florida previously issued orders pertaining to custody, support, and visitation of Warren, II.
 {¶ 3} On August 16, 2006, Appellee filed a Complaint for Custody and a Motion for Emergency Custody in the Guernsey County Court of Common Pleas, Juvenile Division. The trial court ordered Appellant to return Warren, II and his half-sister, Shania Johnson, to Appellee's residence no later than August 29, 2006.[1] Via Judgment Entry filed March 19, 2007, the trial court assumed jurisdiction over the matter.
 {¶ 4} On June 26, 2007, the trial court issued the following orders: Appellant was granted a four-week visitation period with Warren, II at Appellant's home in Mississippi. Appellant was also granted visitation with Warren, II in Ohio, with such visits to be coordinated with Appellee. In regard to child support, the parties were ordered to report to the Guernsey County Child Support Enforcement Agency (GCCSEA) to recalculate Appellant's support obligation. Via Judgment Entry filed September 12, 2007, the trial court informed the parties GCCSEA had recalculated child support at $290.20/month, designating Appellant as the obligor. The trial court advised *Page 3 
the parties to file any objections thereto within two weeks. Appellant accordingly filed an objection to the child support amount on September 19, 2007. Appellee filed a memorandum contra on September 26, 2007. Via Judgment Entry filed November 16, 2007, the trial court overruled Appellant's objection to the GCCSEA calculation.
 {¶ 5} It is from this judgment entry, Appellant appeals, raising as error:
 {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY REFERRING THE MATTER TO THE GUERNSEY COUNTY CHILD SUPPORT AGENCY FOR COMPUTATION OF CHILD SUPPORT WHEN IT WAS THE TRIAL COURT'S DUTY TO CONDUCT SUCH AN EVIDENTIARY HEARING ITSELF. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONDUCTING AN EVIDENTIARY HEARING ON APPELLANT'S TIMELY FILED OBJECTIONS TO THE GUERNSEY COUNTY CHILD SUPPORT AGENCY'S CHILD SUPPORT CALCULATIONS.
 {¶ 7} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING A RETROACTIVE MODIFICATION OF APPELLANT'S CHILD SUPPORT TO THE DATE THAT A REVIEW WAS FIRST REQUESTED."
 I. {¶ 8} In his first assignment of error, Appellant contends the trial court erred in referring the matter to GCCSEA to calculate child support, and in failing to grant an evidentiary hearing upon his objection to the GCCSEA recommendation. We agree.
 {¶ 9} A child support enforcement agency's review of child support orders issued by the trial court is principally addressed in R.C. 3119.63. In addition, R.C. 3119.79(A) states, in relevant part, as follows: *Page 4 
 {¶ 10} "If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount." (Emphasis added.)
 {¶ 11} Appellant is correct in his assertion the trial court had a statutory duty to calculate the revised child support amount on its own, rather than delegate that process to the GCCSEA. The statute specifically requires the trial court to make such calculation. Inherent within the duty to recalculate support is the duty to consider evidence relative to the child support worksheet including, but not limited to, the parties' incomes and expenses. Unlike a referral to a magistrate, the trial court's delegation of its duty to the GCCSEA effectively precluded Appellant from presenting evidence in support of the modification which is to be considered by the trial court in its recalculation of support.
 {¶ 12} Accordingly, Appellant's first assignment of error is sustained. *Page 5 
 II. {¶ 13} In his Second Assignment of Error, Appellant contends the trial court abused its discretion in failing to make the child support modification retroactive to the date of his request to "review" child support. We disagree.
 {¶ 14} In Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. Our standard of review regarding the retroactivity of child support modifications is likewise that of abuse of discretion. See Fugitt v.Fugitt, Fairfield App. No. 06-CA-50, 2007-Ohio-6514, ¶ 17; Montgomery v.Montgomery, Huron App. No. H-06-035, 2007-Ohio-2539, ¶ 11. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 15} In the case sub judice, the matter came before the trial court pursuant to Appellee's attempt to return Warren, II to her custody in Ohio, by seeking jurisdiction vis-à-vis the Florida courts. Appellant indeed asked the trial court to review child support on September 27, 2006. However, Appellant at the same time was challenging Ohio's jurisdiction over the case. In light of this procedural history, we are unpersuaded the trial court's decision to make the order non-retroactive constituted an abuse of discretion in this case.
 {¶ 16} Accordingly, Appellant's second assignment of error is overruled. *Page 6 
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed in part; and reversed and remanded in part.
 Hoffman, P.J., Edwards, J., concurs, Wise, J. dissents. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed in part; and reversed and remanded in part.
[1] According to Appellee, Shania is the daughter of Appellee and another man. *Page 7